Roff, Sims & Co., *et al.*, *vs.* Johnson.

ROFF, SIMS & COMPANY, *et al.*, plaintiffs in error, *vs.*
WILLIAM M. JOHNSON, trustee, defendant in error.

1. The right of a family of minor children to a homestead, is a suffi-
cient estate to justify the Judge of the Superior Court in appointing a
trustee, and said trustee or guardian, or next friend of the family of
minors, may apply for such homestead in their behalf.
2. The homestead and exemption for a family of minor children, being
in *pari materia* with the laws allowing dower to the widow and minor
children, is to be construed in harmony therewith, and such family of
minors take said homestead and exemption subject to the dower in the
same and to the year's support.
3. The minor children of a deceased father are entitled, as against the
creditors of the father, to the homestead and exemption provided for
by article 5, section 1, of the Constitution of 1868.
4. The effect of said homestead and exemption upon the rights of the
heirs-at-law, if any such there be, who are of full age, it is not for the
creditors of the father to litigate on the application for the homestead.
The said heirs, as such, cannot be parties to the proceeding, nor can
their rights be adjudicated therein, and this Court, they not being par-
ties, makes no judgment upon the question.
5. The creditors of the father, out of whose estate a homestead and ex-
emption is claimed for his minor children, may make objections to the
regularity of the proceedings, contest the right of the applicants to be
considered "the family of minors" of the deceased, and make any of
the other issues, proper to be made before the Ordinary, as provided
by the statute for setting aside the homestead. WARNER, J., dissents.

Homestead. Before Judge GREEN. Monroe Superior
Court. September Term, 1869.

George W. Ward, of said county, died intestate, leaving
two adult children, four minors and his widow, him surviv-
ing. A *prochien ami* for these minors represented to Judge
Green that they were entitled to have certain personalty and
realty of their father's estate set apart for them under the
Homestead Act of 1868. The Judge at Chambers appointed
as trustee their brother-in-law, William M. Johnson. There-
upon he presented a petition to the Ordinary, representing
that said Ward died seized of three parcels of land in For-
syth, and certain personalty, *i. e.*, household furniture, pro-
visions, etc., and prayed, on behalf of said minors, the usual
proceedings for setting apart a homestead and exemption of

personalty under said Act. The County Surveyor platted said lands and certified that they were not worth over $2,000 00 in specie. In his return he said he had platted them "for the benefit of the family of the said George W. Ward."

Roff, Sims & Company, *et al.*, creditors, objected to the exemption, upon the following grounds: 1st. Johnson has no estate as trustee for said minors. 2d. The realty is not such as can be set apart as a homestead. 3d. It is encumbered by a mortgage *fi. fa* .in favor of Abernathy for its purchase-money, by another mortgage in favor of Barnes, and by judgments in favor of the other defendants, and to tax *fi. fas.* in favor of said county (which tax *fi. fas.* and *fi. fa.* of Abernathy were then levied on the same.) 4th. The property belongs to the estate of George W. Ward, deceased, upon whose estate there is no administration, is subject to dower, which dower has not been relinquished. 5th. The whole of the personalty is not exhibited and this is a fraud upon the creditors. 6th. The land is worth over $2,000 00 in specie, and 7th, the adult heirs have an interest in said estate.

Neither the widow nor these adult heirs were parties to the proceeding. By consent it was appealed to the Superior Court. At the hearing, Johnson's counsel objected to any evidence under said third ground, because creditors could urge no objection but those specified in the sixth section of the Homestead Act. This was sustained. Defendant's counsel moved to dismiss the application because it was in the name of Johnson as trustee, who was appointed *pro hac vice* for the minors, who had no estate, the estate being that of their dead father, subject to the laws of distribution. This was overruled.

JOHNSON then testified that Ward died in April, 1869, leaving such heirs as aforesaid, seized of two-thirds of a house and lot and of a half interest in another, and a vacant lot in Forsyth which was fully described in the petition and return of the surveyor, all of it was not worth $2,000 00 in specie; there was no personalty but that in the schedule; said minors had no separate estate, and he became their trustee to make

this application.   The appointment of Johnson as trustee, said petition, order and return were then tendered in evidence.   They were objected to because the two former were for a homestead for said minors, whereas the return was for a homestead for the family of deceased.   The objection was overruled and the papers were read.   Here the applicant rested his cause.

Defendant's counsel moved for a non-suit because Johnson had shown no title in himself as trustee to any of said property. The non-suit was refused.   They then proved that there was no administration on Ward's estate, and offered to show that the widow and these minors had applied for a twelve-months' support and that the widow had asked for dower out of said property.   The Court held that that was inadmissible except to show fraud, and they did not produce the evidence.   The cause was then submitted to the jury, and they found in favor of the application.   Defendant's counsel moved for a new trial upon the grounds that the Court had erred in said several rulings.   The new trial was refused and that is assigned as error.

A. D. HAMMOND, J. S. PINCKARD, for plaintiffs in error.

R. P. TRIPPE, for defendant.

McCAY, J.

1. The important question in this case is whether the "family of minor children" of a deceased parent is entitled, under the Constitution and laws of this State, to the "homestead and exemption" out of the estate of the parent.   That the Constitution means this there can be hardly a doubt. "A family of minor children" can have no debts of their own.   They can contract none except for necessaries.   If they have property, the law allows only the income of it to be expended, and it seems absurd to suppose it was the intention of the Convention to provide that the "homestead" of a "family of minor children" was to be laid off out of the property of those minor children.   Clearly, to our mind,

Roff, Sims & Co., *et al.*, *vs.* Johnson.

what was meant is a family of *orphan* minor children, a family who have no father; and it was intended that this family should have a homestead out of the property of the father. It was intended to provide that the "family" should have, after the parent's death, that which it was entitled to in his lifetime. Had it been applied for and laid off during the life of the parent, it would have rested in the family. When the parent died his estate was burdened with this liability. But it is asked if one is entitled to a homestead in any property but his own? This question is based on a mistaken conception of our "homestead" law. The "homestead" in Georgia is not a simple "exemption." The whole theory of the law is based upon the duty, the legal obligation of the parent, to support and maintain his wife and minor children. He has the right to their labor, and he not only owes them a support by the laws of morality and nature, but by the laws of the land: Rev. Code, sec. 1747 and sec. 1783.

Why should not the State, if it sees fit, provide this mode of forcing the husband or "head" to perform his legal obligation? Especially, as if the duty is not performed, the State would itself be driven to perform it. It is not true, then, that our homestead law is an exemption of one's property from levy and sale for his own benefit, and the question is not a pertinent one that asks, if one can have a homestead out of any property but his own? The homestead stands in Georgia on the footing of the year's support. It is a charge on a man's estate, in favor of his family during his life, and it follows it at his death.

2. But we are of opinion that the family of a deceased parent takes the "homestead" subject to the other provision made for their support. These several Acts are to be construed together. Their common purpose is to provide for the family of a debtor, whose estate is about to be swept away for the payment of his debts, and we think it is doing no violence to the intentions of the Legislature to hold that the family of a deceased debtor cannot take them all. The dower to the widow, the year's support and the homestead, have all

a common object, and until the Legislature has more distinctly spoken, we are of opinion that they must choose between them.   In favor of the policy evident in these various liens, we assume that the homestead, which is the last provision enacted, was expected to be the largest and most complete, and we hold the family entitled to that.   But it is subject to the widow's dower in the property laid apart.   It was not the intention of the Legislature to interfere with her rights, nor can she take her full one-third of the whole for life, and then "the family" take a homestead out of the balance.   The homestead is subject to the dower, and so too is the exemption of personalty subject to the year's support.   Whatever of the year's support has been received is to be deducted from the amount of the $1,000 00.

We are aware that the Acts upon these subjects do not expressly so provide, but upon a careful revision of the whole subject, we think this view of it is *consistent* with the Acts; and until the Legislature makes a more definite provision on the subject, we think this most in accord with the principle on which the Acts are founded, and with the general intent of the law-making power in their enactments.

3.  The object of the Homestead Act, and all its language, is confined to securing against "judgments, executions and decrees" the homestead for the family.   It does not provide against any claim another may have to the property, and we will not undertake to say that this homestead provision interferes with the rights granted by the statute of distributions to the heirs-at-law.   In cases of a solvent estate, where there are no creditors to interfere, we do not think the law intends to interfere with the distribution of the property, according to the statute of distributions.

4.  But the heirs-at-law are not parties to this proceeding, that is, the adult heirs, and we do not feel called upon to adjudicate their rights.   We hold the homestead in their minors, good against the creditors, and leave the heirs to take care of themselves.

5.  The creditors of the father, out of whose estate a homestead and exemption is claimed for his minor children, may

make objections to the regularity of the proceedings, contest the right of the applicants to be considered "the family of minors" of the deceased, and make any of the other issues proper to be made before the Ordinary, as provided by the statute for setting aside the homestead.

Judgment affirmed.

BROWN, C. J., concurred, but wrote no opinion.

WARNER, J., dissenting :

It appears from the record in this case, that George Ward died in April, 1869, intestate, leaving a widow and six children as his heirs-at-law, four of the children only being minors. Application was made by a trustee, appointed by the Court for the minor children, for a homestead to be set apart out of the real and personal property of the intestate for the benefit of his *minor* children. Under the laws of this State, on the death of the intestate, the title to his real estate vested in his heirs-at-law, as well those who were of full age as those who were minors, and the title to his personal property was vested in the administrator of his estate, for the benefit of his heirs and creditors, and as there was no homestead applied for or set apart to the intestate, as the head of a family in his lifetime, the minor children are only entitled to have a homestead in such portion of the intestate's estate as they are entitled to inherit, or to have distributed to them, under the law, in case there had been no debts due and owing by the intestate, at the time of his death; the minor children are not entitled to a homestead, under the provisions of the Homestead Act, to that portion of the intestate's estate which the widow and the two adult children are entitled to inherit under the law, for the simple reason that that portion of his estate is not *the property of the minor children*, but the property of *other persons*. The *minor* children are entitled to a homestead in their own property, inherited from the intestate, within the limitations prescribed by the Homestead Act, as against the creditors of the intestate, according to the former ruling of a majority of this Court,

and I am willing they should have it, but cannot hold, that they are entitled to a homestead in the property of other people, which does not, under the law, belong to them, and to which they have no title. But it is said the intestate might have applied and had the homestead set apart in his lifetime, as the head of his family, and therefore the minor children, by their trustee, may now do what the intestate might then have done. The reply is, that as the intestate did not do so in his lifetime, the general law of the State declares the persons who shall be entitled to his property after his death, and but for that general law of the State, the trustee of the minor children would not now be entitled to claim a homestead in any portion of the property for them, in their own right ; for the minor children of the intestate, nor their trustee, had any right to claim a homestead in the intestate's property during his lifetime.

The 13th section of the Act provides, that if the husband shall refuse to apply for the homestead, his *wife*, or any person acting as *her next friend* may do so, and *not* the minor children, by their trustee, or guardian. Ward, under the laws of the State *might* have created an incumbrance on his estate by a mortgage in his lifetime, but as he did not do so, his heirs take the estate unincumbered by any mortgage. So he *might* have encumbered his estate by applying for and obtaining a homestead thereon, in his lifetime, but as he did not do so, his heirs take the estate *unincumbered with any homestead.*

Where there are minor children whose father is dead, and who have property in *their own right*, either by inheritance or otherwise, then, their trustee or guardian may apply for a homestead in that property. The minor children must first obtain a title to the property in their own right, before their trustee or guardian is entitled to claim a homestead therein, in their behalf, just as the minor children of Ward have done in this case, as the heirs-at-law of their deceased father ; in that property so inherited by them, the minor children of Ward are entitled to a homestead, but not in the property of his other heirs, who are *not minor children*, and to which the

minor children of the intestate have no title; they did not inherit the, homestead from the intestate as his heirs-at-law, as the same was never applied for, or set apart to him in his lifetime; their title to any portion of the intestate's property, in which they are entitled to a homestead, under the Act, is just that portion of it which the general law of the State cast upon them as his heirs, and no more. Such, in my judgment, is the fair and proper construction to be given to the Homestead Act, for the benefit of minor children, who are represented by a trustee or guardian.