MARTHA ADAMS, plaintiff in error, *vs.* HOLLAND A. ADAMS *et al.*, defendants in error.

When dower had been assigned to a widow in a tract of land, and she afterward applied and had the same land set apart to her and the minor child of her deceased husband as a homestead, and an execution founded on a debt of the deceased husband and father was levied on the reversion, after the termination of the dower, and the widow, for herself and minor child, filed a claim :

*Held,* That under the facts, as stated, the property was properly found not subject.

Claim. Homestead. Dower. Before Judge HARRELL. Stewart Superior Court. April Term, 1872.

This case was tried upon the following agreed state of facts : "That Samuel Adams, at the time of his death, about 1865, was the owner of the land now levied on ; that Holland A. Adams was his widow, and administratrix, and Charles B. Adams, his administrator. The judgment of plaintiff was obtained in Stewart Superior Court, October Term, 1866 ; a *fi fa.* was issued thereon, and a levy made upon the lands claimed, in February, 1872, to wit : " the remainder interest of the estate of Samuel Adams, after the death of said widow." That in 1866 said Holland A. Adam's widow had said land set apart to her as dower, and on her application, as the widow of Samuel Adams, and one minor child of Samuel Adams, the same land as included in said dower, was set apart as a homestead by the Ordinary of Stewart county, to-wit : on July 6th, 1869. That the claim under said homestead was regularly interposed."

The Court, under the above statement of facts, decided that the claimant, Hollin A. Adams, in behalf of herself and said minor child, was entitled to a homestead on the land, and under instructions to this effect the jury found said property not subject.

Whereupon plaintiff in error excepted and assigns error upon the following grounds :

1st. In holding that claimant was entitled to have a home-

stead in the lands which had been set apart to her as dower.

2d. In holding that the property was not subject to the execution under the above statement of facts.

E. G. RAIFORD; HERBERT FIELDER; E. H. WORRILL, for plaintiff in error.

BEALL & TUCKER, for defendants.

McCAY, Judge.

We have held, in several cases, that the homestead provision of the Constitution was not intended to be an addition to dower, but that it was subject to the dower. The object was to secure a provision for the family. The wife in this case had taken dower. She has now applied in behalf of her children and had a homestead in the same lands. We see nothing inconsistent in this action with our decision. She might, if she pleased, waive her rights in behalf of her children, and, instead of dower, permit them to have a homestead. We do not say she has done this. Holding to her dower she might, as guardian of her children, take a homestead for them in the same land, or including the same, at the discretion of the appraisers, and she and they retain their interest—she her dower, they their homestead. In either event the land would not be subject, and the verdict would be right.

Judgment affirmed.