Eliza A. Robson, plaintiff in error *vs.* Phœbe A. Lindrum, defendant in error.

1. If, in an application for homestead and exemption under the Act of 1868, objections be filed to the plat and valuation of the realty, and the matter is postponed by the Court to a future day, it is not too late, on the arrival of that day, for another creditor to appear and file objections to the schedule of personalty.

2. A widow and minor children are not entitled to an exemption of personalty in the estate of a deceased husband and father if they have already received the value of one thousand dollars in specie from said estate allotted as the "year's support" under the provisions of the Code.

Homestead. Objections. Practice. Year's support. Before Judge Robinson.   Baldwin Superior Court.   February Term, 1872.

Eliza A. Robson, as the head of a family, petitioned the Ordinary of Baldwin county for the setting apart of a homestead of realty and an exemption of personalty in the estate

Robson *vs.* Lindrum.

of her deceased husband, William A. Robson. The 13th day of March, 1871, was appointed for hearing the application and notice given by advertisement accordingly. At the appointed time objections were filed to the plat and valuation of realty by one Joseph Miller, and the case continued to November 24th, 1871. On the day last aforesaid, Phœbe A. Lindrum, a creditor of William A. Robson, deceased objected to the exemption of personalty on the ground that the applicant did elect and receive a year's support, amounting to $2000 00, out of the estate of her deceased husband. The Ordinary allowed the exemption of personalty, and the case was carried by appeal to the Superior Court of Baldwin county.

When the case was called in the Superior Court the applicant demurred to the appellant's objections, and moved to dismiss the appeal on the ground that the objections were not filed on or before March 13th, 1871, the day fixed by the Ordinary for passing upon the application. The demurrer and motion were overruled by the Court, and the applicant excepted.

The case having been submitted to the decision of the Court upon the facts aforesaid, the Court held that the applicant was not entitled to an exemption of personalty.

The applicant moved for a new trial upon the following grounds, to-wit:

1st. Because the Court erred in overruling applicant's demurrer to the objections of appellant, and in refusing to dismiss the appeal.

2d. Because the Court erred in holding under the facts aforesaid, that the applicant was not entitled to an exemption of personalty.

The motion for a new trial was overruled, and the applicant excepted, and assigns said ruling as error upon each of the aforesaid grounds.

WILLIAM McKINLEY, for plaintiff in error.

CRAWFORD & WILLIAMSON, for defendant.

McCay, Judge.

It is true that the Act of 1868 provides that any person desiring to file objections to an application for homestead and exemption, shall appear at the time and place specified for the hearing. If the hearing were had on that day, and a judgment entered, or as the statute requires the schedule and plat approved, no doubt all objections would be too late. But suppose the hearing is postponed, as was done in this case, are objectors concluded because they do not appear at the time and place specified in the notice? We think not. The words of the Act are, "the time and place for *passing* upon the schedule," etc. But suppose that time is postponed. Besides, the Act does not say that the objector *shall* come at that time and place, but that if at the time and place no objection shall be filed by *any* creditor, the Court shall approve, etc. Here a creditor did file objections, and the day for passing on the schedule, etc., was legally and properly postponed. We are not disposed to construe this Act harshly as against creditors. It is a proceeding *ex parte* by the debtor. The notice is by publication, and all experience is, that but few of the parties at interest know of the proceedings, and we are sorry to say that we fear there has been a great deal of fraud and imposition practiced from this very fact. We think our practice before the Ordinary, in other cases, is the true practice. This Court has held that a new party may come in with new grounds of caveat to an order even on the appeal, and we think there is the same reason, and perhaps more for such a practice in these cases. We have held, after much deliberation, that this provision for a widow and minor children is not cumulative to the other provisions, and until the Legislature alters the law we shall adhere to that ruling. This widow and minors have already, of the husband's property, over $1,000 exempt from his debts. We think that satisfies the statute. Nor do we think the fact that the husband died before the Act of 1868, alters the case. That Act does not say they shall have the amount of $1,000 above what was previously

allowed. This provision for the family is wise and humane, and based on a proper public policy. But even kindness has its limits, and we think the Act of 1868 reaches the limits.

Judgment affirmed.