ELLEN SINGLETON *et al.*, plaintiffs in error, *vs.* WILLIAM A. HUFF, defendant in error.

Where, in March, 1872, a homestead in the realty and personalty of the husband was set apart to the wife, and a levy of an execution immediately afterwards made on the balance of the land, and the husband died in April, 1872, pending the levy, the wife is not entitled to twelve months' support out of the proceeds of the sale of such balance.   If there be special grounds set up by the wife, such as that the homestead exemption is not of the value of the twelve months' assignment, she should show that fact.

Homestead.   Year's support.   Administrators and executors.   Before Judge ROBINSON.   Jones Superior Court.   October Adjourned Term, 1872.

This case arose upon a rule against R. P. Cook, sheriff of Jones county, issued at the instance of William A. Huff, requiring said officer to show cause why he should not pay over to said Huff the principal, interest and costs due upon an execution in favor of said movant against one Leroy Singleton. The answer of the sheriff set up substantially the following facts :

The execution was levied upon two hundred and fifty acres of land, and pending the advertisement, the defendant died. On the first Tuesday in May, 1872, said property was sold for the net amount of $443 33, which he has retained in his hands under a notice from Ellen Singleton, the widow of the deceased, claiming the same as a year's support allowed her under the statute in such cases made and provided.   The aforesaid land was all the property of which said defendant

died seized and possessed. The appraisers appointed by the Court of Ordinary awarded to said Ellen Singleton the sum of $500 00 as a year's support, to be paid out of the assets of said estate. The award has been excepted to by Huff, and the issue thus formed is still pending, undetermined, before the Court of Ordinary. Prays that the rule may be discharged.

The case was submitted to the Court upon the answer of the sheriff and the following additional facts: That previous to the death of Leroy Singleton, Ellen Singleton, his wife, applied for and had set apart to her a homestead of realty and personalty, according to the Constitution and Act of 1868; that this homestead was allowed her in March, 1872, and that the defendant, Leroy Singleton, her husband, died in April, 1872; that said Leroy Singleton died pending the advertisement, and before the sale of the land levied upon, but after the levy and seizure by the sheriff; that, at the time of the sale, there had been no administration upon his estate.

Pending the litigation, Ellen Singleton was made a party.

The Court ordered the rule made absolute against the sheriff. To this decision Ellen Singleton and the sheriff excepted.

LYON & IRVIN, by W. A. LOFTON, for plaintiffs in error.

BLOUNT & HARDEMAN, for defendant.

TRIPPE, Judge.

The wife of Leroy Singleton, in March, 1872, applied for and had set apart for her a homestead in the realty and the personal property of her husband. The sheriff then levied the execution of defendant in error upon the balance of the land of the husband. Before the sale, in May ensuing, the husband died, to-wit: in April, 1872. The land brought less than $500 00, and the widow sets up her right to twelve months' support, etc., and that it should be paid out of the proceeds of the sale. Thus the wife had assigned to her of land of the value of $2,000 00 in specie, a few weeks before

her husband's death. For it is to be presumed that she got the full valuation allowed by law, as there was a portion of the land left unassigned. It may be assumed, also, that she has the $1,000 00 in personalty, else the contrary should have been shown by her. She now, with that in possession, asks the balance of the estate as a twelve months' support.

In *Roff, Simms & Company vs. Johnson*, 40 *Georgia*, 555, it was held that, "the homestead is subject to the dower, and so, too, is the exemption of personalty subject to the year's support, whatever of the year's support has been received is to be deducted from the amount of the $1,000 00." The converse of this proposition must be equally true, to-wit: whatever of the $1,000 00 has been received, is to be deducted from the year's support, especially if it be in possession of the wife at the death of the husband. Here it was assigned only a very short time before she became a widow, and if she rested her claim on any special fact, such as the loss, destruction or consumption of it during the life of her husband, and that there was nothing for her support, she should have shown that fact.

It certainly would be going too far to construe these different provisions so that the wife could take the full homestead, should have and keep the same after her husband's death, and then claim the twelve months' support from the balance of his estate; and that, too, when the support is much less than either the homestead in the realty or the personalty.

In *Roff, Simms & Company vs. Johnson*, it was further said: "These several acts are to be taken together. Their common purpose is to provide for the family of a debtor, whose estate is about to be swept away for the payment of his debts, and we think it is doing no violence to the intention of the Legislature to hold that the family of a deceased debtor cannot take them all."

The Court did not err in adjudging the money arising from the balance of the land to the execution.

Judgment affirmed.