McCay, Judge.
This case presents a new question, but one which we think is a very plain one. The Judiciary Act of 1799, section 14, provides that “if the sheriff or other officer shall fail or neglect to take such bail, or the bail taken shall be deemed insufficient by the Court, on exceptions taken thereto and entry thereof made at the first'term to which the said petition and process shall be returned, such sheriff or other officer and his and their securities in either of the cases shall be deemed and stand as special bail, and the plaintiff may proceed to judgment according to the provisions of this Act hereinafter mentioned.”
In the case at bar, the plaintiff objected to the bail, the Court held the bail insufficient, and passed an order directing the sheriff and his securities to stand as special bail. The plaintiff proceeded to judgment, undertook to get a judgment final on the recognizance, and abandoned it, and now proposes to recover on the official bond for his damages.
■ We think he is concluded by his own selection to hold the sheriff liable as bail. Pie got by that order of the Court all his process sought, all the sheriff failed to furnish him, to-wit: a good bail bond. Pie got it, too, and accepted it of his own choice. It was not forced upon him. It was, too, a heavier obligation than exists by the official bond. The latter only holds the sheriff to the damages; the bail bond bound the sheriff to produce the body, and if he failed to do that, (the defendant living,) the sheriff was liable for the debt, and this though the defendant was insolvent and the damages, therefore, nothing. The bail bond, too, was a recognizance, a debt of record, and of higher dignity than even the official bond. At the first term of the Court after the failure of duty upon the part of the sheriff, the plaintiff had his choice of remedies. *PIe had then the right to say, “The sheriff has damaged me. I will sue his official bond and recover for the wrong.” Pie had, however, another right. He had the right to say damage or no damage. “I have a right to my bail; that was my demand, that the sheriff has failed to give me, and I insist upon the letter *298 of my right.” This plaintiff took the latter course: He demanded and he got the bail he sought for. When the sheriff and his securities became the bail, the plaintiff had exactly the demands of -his process. What has he to complain of? He asked for bail and he got bail. We think the Judge was right.
Judgment affirmed.