THOMAS T. PAGE, administrator, *et al.*, plaintiffs in error, *vs.* ELIZABETH PAGE, defendant in error.

Where the widow had a homestead set apart to her and her minor children, out of the lands of her deceased husband, under the Act of 1868, and the same was levied on to satisfy an execution based on a claim contracted prior to the adoption of the Constitution of 1868, she is not barred from claiming her dower in said lands.

Homestead. Dower. Before Judge HERSCHEL V. JOHNSON. Johnson Superior Court. September Term, 1873.

For the facts of this case, see the decision.

JOHN M. STUBBS, by PEEPLES & HOWELL, for plaintiffs in error.

No appearance for defendant.

WARNER, Chief Justice.

This was an application to the Superior Court to appoint commissioners for the assignment of dower. Page, the intestate, died 28th January, 1868. In July, 1869, the Ordinary set apart a homestead to his widow and minor children out of

the lands of her deceased husband. The homestead was levied on to satisfy an execution issued on a judgment founded on a debt contracted prior to the Constitution of 1868. Objections were filed to the application on the ground that the widow of the intestate could not have a homestead and dower out of the land of the deceased intestate. The Court overruled the objections, and its judgment was excepted to.

There was no error in overruling the objections to the widow's application for dower, on the statement of facts contained in the record. She obtained no homestead out of the lands of the intestate, as against debts contracted prior to the Constitution of 1868, and her attempt to obtain one did not bar her of her right to dower.

Let the judgment of the Court below be affirmed.