LOWE *v.* WEBB, trustee.

A wife to whom property was set apart in 1869 as a homestead for herself and a minor daughter had a life estate in its use, of which she was not deprived by the death of her husband in 1873; but where it was set apart in 1874, on her·application, as a year's

| 85 | 731 |
| 95 | 728 |
| 85 | 731 |
| 98 | 369 |
| 85 | 731 |
| 105 | 55 |
| 85 | 731 |
| f112 | 436 |
| f112 | 497 |
| 85 | 731 |
| 113 | 524 |
| 85 | 731 |
| 117 | 825 |
| 85 | 731 |
| d118 | 112 |
| 118 | 571 |
| 85 | 731 |
| d121 | 631 |
| 85 | 731 |
| 129 | 51t |

support for herself and the child, she took a legal estate in fee, into which the lesser estate was merged; and the property became subject to levy and sale for the payment of her debts.

July 12, 1890.

Homestead. Year's support. Estates. Levy and sale. Merger. Before Judge SMITH. Marion superior court. October term, 1889.

Reported in the decision.

MORGAN McMICHAEL, for plaintiff.

No appearance for defendant.

SIMMONS, Justice.

It appears from the record in this case that, in the year 1869, a homestead was set apart for the use of Hannah Webb and her minor daughter, that in the year 1873 the husband died, and that in December of that year she filed her petition to the ordinary, representing herself to be the widow of James Webb, lately deceased, and that his entire estate, both real and personal, did not exceed $500 in value, and prayed that commissioners be appointed to set aside the same to her and her minor daughter as a year's support. Commissioners were appointed, and they set aside the entire property, both real and personal, as not exceeding $500 in value, to Hannah Webb and her daughter as a year's support. Their report was made the judgment of the ordinary, in 1874.

After the year's support was set aside, Hannah Webb incurred a debt which was sued to judgment, and execution was issued and levied upon an undivided half-interest in the land so set apart. She filed a claim to the land as the head of a family, setting up that it had been set apart to her and her husband as a homestead in 1869. The plaintiff in *fi. fa.* joined issue with her and alleged that when she applied for and had set apart to her a year's support, which embraced the homestead which had been previously set apart to her, the year's

support vested the title to the property absolutely in her and her minor child, share and share alike, and that her interest in the land was subject to the execution. Claimant's counsel demurred to this issue, and the court sustained the demurrer, and directed the jury to find the property not subject; to which ruling the plaintiff in *fi. fa.* excepted.

We think that, under the facts of this case, the court erred in holding the property not subject. When the property was set apart to Mrs. Webb, in 1869, as a homestead, she had a life-estate in its use, and the death of her husband did not deprive her of it; it would have still remained a homestead as long as she lived a widow, if she had done nothing to put an end to the homestead estate. When, however, her husband died and she applied to the ordinary to set aside a year's support for herself and her child out of the same property, and this application was granted, the estate was changed from a life-estate in the use to a legal estate in fee. Section 2574 of the code says : "The property so set apart by the appraisers [as a year's support] shall vest in the widow and child or children ; and if no widow, in such children, share and share alike; and the same shall not be administered as the estate of the deceased husband or father." In *Cleghorn* v. *Johnson,* 69 *Ga.* 369, *Brown* v. *Joiner,* 77 *Ga.* 232, and *Farris* v. *Battle,* 80 *Ga.* 187, it is held that when a year's support is set apart to a widow, it becomes hers absolutely and unconditionally, and she can sell or dispose of it just as any other person might dispose of his property. Having then a life-estate in the use of the property by reason of the homestead, and having afterwards acquired an absolute estate in the same property by reason of its being set apart to her as a year's support, the life-estate, being the lesser, was merged in the absolute estate. Code, §2271. Treating the homestead estate as a legal estate, this section

of the code applies. Treating the homestead estate as an equitable one, as this court has sometimes done, the same rule still applies. Wash. on Real Property, 551, 5th ed.; 1st Perry on Trusts, §§13, 347, 4th ed. The lesser estate, therefore, being destroyed by merging in the greater, the limitations and restrictions thrown around the lesser as to its not being subject to levy and sale, were also removed when it ceased to exist; and having become an absolute estate or estate in fee, it is subject to the debts of the owner, just as other estates held in the same manner. If she had allowed the estate to remain as the law first fixed it, it would still have been exempt from levy and sale; but when, upon her application, it was changed from a life-estate in the use to an absolute one, she took herself out of the favored class, and placed herself where her property became subject to her debts, like that of other debtors.

*Judgment reversed.*