DONALDSON *v.* ANDERSON, administrator.

Where a widow has had set apart for herself and minor children a year's support in the estate of her deceased husband to the amount of one thousand dollars, she can have exempted as a homestead only such portion of the remainder of the estate as that its value, when added to the year's support, will not make a sum exceeding the amount of homestead and exemption provided for in the constitution and laws of the State.

Submitted April 30, — Decided June 7, 1898.

Complaint for land. Before Judge Lumpkin. Fulton superior court. September term, 1897.

Donaldson died intestate, leaving a widow and minor children to whom the court of ordinary, upon the application of the widow, set apart from the estate of the intestate a year's support consisting of $800 in money, and household furniture worth probably $200, all of which the widow and the minor children received and used. There were no adult children. Subsequently the administrator of Donaldson brought suit against the widow for the recovery of certain land in her possession, which belonged to the intestate at the time of his death, the plaintiff having first obtained an order of court authorizing him to sell the land for the payment of debts and distribution among the heirs of the intestate. After this suit was brought, the widow had the land in question set apart by the court of ordinary as a homestead for herself and her minor children, due notice of the application being given to the administrator and to creditors, and the homestead proceedings being in all other respects regular; and the homestead was set up by the widow in defense of the action. The administrator thereupon, by amendment to his petition, alleged that the homestead was void, because the widow was not legally entitled to have set apart for her a homestead as well as the year's support, which she had already received. The defendant in her answer to the amendment averred that certain land belonging to the estate of the intestate, and a part of which was included in the homestead set apart to her and her minor children, was sold by the administrator and was bought by her father, J. N. Smith, for $300, which the administrator had not collected; and she asked

that he sue for it, and out of it get his costs and fees of adminis-tration.    It appeared that J. N. Smith had a claim against the estate amounting to $600, that he had brought suit against the administrator for this amount, and that Miss C. M. Grant had a claim against the estate amounting to $600; also, that a cer-tain lot of land of the estate was, under an order of the court, put up for sale by the administrator at public outcry, and sold to J. N. Smith as the highest bidder, for $300, which was not paid; and the administrator is suing for it.    The court, trying the case without a jury, adjudged that the plaintiff recover the land in controversy, that it be sold by him as administrator, free from the homestead, and that the homestead, so far as it affects said land, is void; also, that the defendant, for herself and her children, is entitled to a homestead out of the estate of her deceased husband, but having previously had set apart to her and the children a year's support out of the estate, be-fore being allowed such homestead, the same should be cred-ited with the value of the property received by her as a year's support; that the money and property received by her for her-self and children as a year's support aggregated $1,000, and that the administrator, out of the proceeds of the sale of the property recovered in this suit, invest, under proper orders of court, $600 (the difference between the amount received by de-fendant for a year's support and the maximum amount for which a homestead is allowed under the law to be set apart) for the benefit of the defendant and her children as a homestead.    De-fendant excepted.

*J. M. McAfee* and *Simmons & Corrigan*, for plaintiff in error.
*King & Anderson*, contra.

Lewis, J.    The judgment of the trial judge complained of was doubtless based upon the decisions of this court in the cases of *Roff, Sims & Co.* v. *Johnson*, 40 *Ga.* 555, and *Robson* v. *Lind-rum*, 47 *Ga.* 250.    On page 558 of the volume first cited, Mc-Cay, J., in delivering the opinion, says:    "But we are of opinion that the family of a deceased parent takes the 'home-stead' subject to the other provision made for their support. These several acts are to be construed together.    Their com-

mon purpose is to provide for the family of a debtor whose estate is about to be swept away for the payment of his debts; and we think it is doing no violence to the intentions of the legislature to hold that the family of a deceased debtor can not take them all.    The dower to the widow, the year's support, and the homestead have all a common object; and until the legislature has more distinctly spoken, we are of opinion that they must choose between them.    .    .    The homestead is subject to the dower; and so too is the exemption of personalty subject to the year's support.    Whatever of the year's support has been received is to be deducted from the amount of the $1,000.00. We are aware that the acts upon these subjects do not expressly so provide; but upon a careful revision of the whole subject, we think this view of it is *consistent* with the acts; and until the legislature makes a more definite provision on the subject, we think this most in accord with the principle on which the acts are founded, and with the general intent of the lawmaking power in their enactments."    In the case in 47 *Ga.* it was directly decided, that where a widow and minor children had had set apart to them a year's support of $1,000.00 in specie, they were not entitled to any exemption of personalty in the estate of the deceased husband.    It is true these decisions were rendered under the provisions of the law relating to homesteads allowed by the constitution of 1868; but there can be no possible reason why the same principle is not now applicable where a widow for herself and children has obtained a year's support, and afterwards seeks a homestead or exemption in other property of the estate.

Speaking for myself, if it were an original proposition before this court, I would not be prepared to hold that the rulings in the cases above cited were correct.    A year's support was intended by the law to provide for a temporary emergency, to wit, to supply the widow and minor children of the decedent with the necessaries of life during the time when the estate is necessarily held together by the administrator, and is not ready for distribution.    This support is in the nature of a debt against the estate, of the highest dignity; and I think it doubtful whether this temporary provision for the support of the family

was intended by the legislature to affect the right of the family to a homestead or exemption, which is intended for their permanent support as long as the family exists. But, inasmuch as a different construction has been placed upon the legislative intent by this court for over twenty years, and the lawmaking power of the State has not, by any subsequent legislation, expressed any dissatisfaction with this construction of its intention, and has not made any "more definite provision on the subject," we think this previous ruling of the court should be adhered to.

It was further contended by counsel for plaintiff in error, that the administrator should have made this objection to the granting of the homestead in this case before the ordinary on the hearing of the application for homestead. The administrator is proceeding to recover this land for the purpose of paying the debts of the deceased; and even if he did not appear before the ordinary, we do not see how such failure could be pleaded in bar of his action in this case; for we know of no law requiring the applicant for homestead to serve notice on the administrator, or authorizing him to be made a party to the application. Besides, under the ruling above announced, the setting apart of this homestead by the ordinary was a nullity. His judgment was therefore void, and can be attacked by any party in any court whenever it is sought to assert the same against his rights.

*Judgment affirmed.    All the Justices concurring.*