### MILLER, executor, *v.* CROZIER.

Where a husband as the head of a family has a homestead set apart for himself and wife and afterwards dies, his widow may elect either to allow the homestead to remain for her benefit as the sole beneficiary, or to take a year's support out of the homestead prop᷃ erty.

Argued June 8, — Decided July 22, 1898.

Application for year's support—appeal. Before Judge Go᷃ ber. Burke superior court. October term, 1897.

*William K. Miller,* for plaintiff in error.
*Phil. P. Johnston,* contra.

SIMMONS, C. J. It appears from the record, that Crozier, in 1877, applied for and had set apart for the benefit of his wife a homestead in a certain lot or tract of land; that in 1897 he died; that, a few weeks after his death, the widow applied to the ordinary to have set apart to her a year's support out of the homestead property; that this application was resisted by a judgment creditor of her husband. The ordinary allowed the year's support; the creditor appealed to the superior court, and on the trial in that court the judgment of the ordinary was affirmed. The creditor excepted.

When a person owning real estate has it set apart as a homestead for the benefit of his family, he does not thereby lose the fee to the land. The law imposes a use upon it for the beneficiaries during the life of the wife and the minority of the children. After the death of the wife or widow and the majority of the children, the use ceases and the land and its use revert to the husband and father or to his estate and become subject to his debts. The code of this State gives to the widow of a

.deceased husband, and, if there be any, to his minor children, a year's support out of his estate, and gives this year's support precedence of all debts and liens. Upon the death of the husband the right to the year's support becomes vested in the widow and, if there be any, in the minor children. If the widow die before the year's support is set apart, her administrator can have it set apart as a part of her estate. *Brown* v. *Joiner,* 77 *Ga.* 232; s. c. 80 *Ga.* 486. These propositions being true, the question arises: Can the widow, after a homestead has been set apart in the lifetime of her husband for her benefit, take a year's support out of the homestead property? It is claimed by the plaintiff in error that, according to the decisions in the cases of *Roff* v. *Johnson,* 40 *Ga.* 555; *Adams* v. *Adams,* 46 *Ga.* 630; *Robson* v. *Lindrum,* 47 *Ga.* 250; *Singleton* v. *Huff,* 49 *Ga.* 582, she can not do so. In our opinion these decisions do not control this question. They all hold, in effect, that a widow, or widow and children, after a homestead has been taken, can not supplement the homestead by dower or year's support out of the other property of the estate; or that, after taking dower or year's support, she can not take out a full homestead; that if she has taken dower or year's support, this must be deducted from the amount allowed by law for a homestead. The particular question now under consideration has never been decided by this court. The case nearest in point is that of *Lowe* v. *Webb,* 85 *Ga.* 731. There the widow, without objection, took a year's support out of the homestead property; and the point decided was that, when this had been done, the homestead estate, being the lesser, was merged into the year's support, which, as we have shown, is an absolute estate and therefore the greater, and that the property was therefore subject to the debts of the widow. This decision does not control the present case, and we are left free to decide it as an original question.

The law giving to the widow a year's support, in preference to all claims, demands, or liens against the husband's estate, and she having an absolute title in the year's support set apart to her, where there is no minor beneficiary, we see no reason, in law or equity, why she is not entitled to elect between the

estates .the law has provided for her. The law gives her an estate in the homestead property for life or during widowhood, and an absolute estate in the year's support. She can elect either the one or the other. Her election of the one will amount to a relinquishment of the other. If the whole of the homestead .estate be allowed her as a year's support, then, ac-- cording to *Lowe* v. *Webb*, supra, the lesser estate is merged into· the greater, and she has the fee to the whole. It is argued that. this would be an injustice to her husband's creditors, because, if she were not allowed to take the year's support out of the homestead property, she could only have a life-estate therein and at her death or marriage the property would be subject to· their claims; to allow her to take the year's support would vest the title in her and free the property forever from the debts of the husband. This may be unjust under the old dispensation of "an eye for an eye and a tooth for a tooth," but according to the law now of force in this State it is not so. If the husband had never set apart the homestead and had died leaving this property, his widow would be entitled to a year's support out of it regardless of all claims against her husband. The State, in its solicitude for helpless widows and orphan children, more than half a century ago, by its legislature passed the first act "for the relief and support of widows and orphans out of the estates of their deceased husbands and parents." The act provided that the executor or administrator should allow "a reasonable support and maintenance for the space of twelve months next ensuing, immediately after the death of such testator, or intestate, notwithstanding any debts, dues, or obligations of said testator or intestate." Act of 1838, Cobb's Dig. 296. The law humanely allows a support to the widow and children for twelve months after the death of the husband and father. Prior to the passage of these acts, creditors could seize and sell the last morsel of the estate, leaving the widow and chil-- dren utterly unprovided for. Since that time, whoever has extended credit to the husband has done so with the knowledge that the widow has the right to a year's support out of the husband's estate in preference to all other claims or demands against him. There is, therefore, no injustice to this creditor in

allowing this widow to elect between the year's support and the homestead estate and freeing the year's support from the lien of the creditor's judgment. It appears from the record that the income from the homestead estate is not sufficient to support her. When it is set apart to her as a year's support, she will have absolute title and may sell all or a portion of the land and invest the proceeds in such other property as will bring her a greater income. For these reasons the judgment of the court below is

Affirmed.   All the Justices concurring.