*T. T. Miller,* for plaintiff in error.    *Hatcher & Carson,* contra.

---

## BARDWELL & COMPANY *v.* EDWARDS.

The fact that the property of the head of a family has been set apart as a home-- stead for the benefit of his wife and minor children does not defeat their right, after his death, to the statutory year's support, even though for more than a year succeeding his death they may have lived on the homestead estate and derived a support from it.

Submitted June 5, — Decided June 27, 1903.

Year's support.    Before Judge Butt.    Talbot superior court. September 15, 1902.

*J. J. Bull,* for plaintiffs in error.

Cobb, J. In 1889 H. H. Edwards had all of his real estate and personal property set apart as a homestead and exemption for the benefit of his wife and minor children. Shortly thereafter Edwards died, and in 1902 his widow applied for a year's support. Between the date of his death and the date of the filing of the application for a year's support the widow and children lived on the homestead property and used the same for their support, having consumed and disposed of all of the personal property belonging to the homestead estate, the value of which exceeded the sum set apart by the appraisers as a year's support. The question to be determined is whether, under these circumstances, the widow was entitled to a year's support out of the homestead property, as against the objection of creditors of the husband, holding notes made by him in which he had waived the benefit of the homestead and ex--

emption laws.  The question thus made arose on exceptions to a judgment of the court striking, on demurrer, objections filed by the creditors, and a judgment on an agreed statement of facts allowing the year's support.  " Where a husband as the head of a family has a homestead set apart for himself and wife, and afterwards dies, his widow may elect either to allow the homestead to remain for her benefit as the sole beneficiary, or to take a year's support out of the homestead property."  *Miller* v. *Crozier*, 105 *Ga.* 54. In that case the widow applied for a year's support a few weeks after the husband's death.  Does the fact that she waits more than a year after his death and all during that time uses the homestead estate for her support render the principle of that decision inapplicable?  The right to a year's support provided by our statute vests absolutely in the widow and minor children, if there are any, immediately upon the death of the husband.  After the year's support is set apart, she may mortgage or sell the property for the purpose of deriving a support (*Swain* v. *Stewart*, 98 *Ga.* 366; *Allen* v. *Lindsey*, 113 *Ga.* 521); and if the widow dies before the year's support is set apart, her administrator may apply for and have the same set apart for the purpose of distribution among her heirs and creditors.  *Brown* v. *Joiner*, 77 *Ga.* 232.  When a year's support is set apart out of homestead property, the homestead estate becomes extinguished, being merged into the greater estate created by the setting apart of the year's support.  *Stringfellow* v. *Stringfellow*, 112 *Ga.* 494; *Lowe* v. *Webb*, 85 *Ga.* 731.  While the legal title to the homestead property was in the head of the family, the right to the use of it was in the wife and children.  The setting apart of the homestead imposed a charge or incumbrance upon the estate for this purpose.  *McDuffie* v. *Irvine*, 91 *Ga.* 750, and cases cited.

Mrs. Edwards and her children had, therefore, an absolute right to the use of this property before the death of her husband.  It was an incumbrance which the law created in their favor, and which was not affected by his death.  In other words, they were entitled to the use of the homestead property, not on account of the fact that they were entitled to a year's support out of his estate after his death, but because the right to the use of the property became vested in them before his death and continued thereafter as long as there were beneficiaries of the homestead, or until they did some-

thing to extinguish that estate.   So far as the right to the use of the property for a support was concerned, the widow and children were using their own property both before and after the death of the husband.   The widow could have waived her right to a year's support if she had seen proper to do so, and continued the use of the homestead estate for her support and that of her children; but she was not bound to do so.   When the existence of the homestead estate was threatened by the creditors of the husband, she could fall back on the absolute unconditional right to a year's support out of the property which the law vested in her immediately upon the death of her husband.   The manifest purpose of the law is that the widow and children shall have the year's support provided by the statute out of the property of the deceased husband and father at all events, if they desire to avail themselves of it.   It is true that in this case they have been supported by the same property for more than a year, but they have been thus supported by reason of another and totally different provision of the law.   If they take a year's support, they must surrender the homestead. They can not have both at the same time, either out of the same or different property belonging to the estate.   See cases cited in *Miller* v. *Crozier*, supra.   But they have the right of election, even though more than a year has elapsed since the death of the husband and they have enjoyed the use of the property during that time under their homestead right, and even though in using the homestead estate they may have exhausted all the personal property belonging to the estate.   In *Blassingame* v. *Rose,*   34 *Ga.* 418, and *Wells* v. *Wilder,* 36 *Ga.* 194, it was held that where the widow has lived on the estate of her husband during the year succeeding his death and drawn her support from it, she can not thereafter have another year's support formally set apart out of the estate.   The doctrine of these decisions will not be extended to a case where the property of the husband had prior to his death been set apart as a homestead for the benefit of the wife and minor children. Such a support is not the support contemplated by the year's support statute.   There was no error in striking the objections filed by the creditors, or in entering a judgment, on the agreed statement of facts, allowing the year's support.

*Judgment affirmed.   All the Justices concur.*