GREEN, administrator, *v.* HAMBRICK.

1. Can an order setting apart a homestead operate as color of title so as to be the basis of a prescription in favor of the head of the family?
2. A widow is not entitled to homestead and year's support where the aggregate of the two provisions exceeds the amount which may be set apart as a homestead and exemption under the laws of this State.
3. An election by a widow is not binding unless made with a knowledge of the condition of the estate and all material facts connected therewith ; nor does she lose her vested right in a homestead by merely *obtaining* an unsatisfied money judgment for a year's support.
4. Where in a petition there are two counts, and the paragraphs thereof, instead of being numbered consecutively, are in each count numbered from 1 to 9, and the answer is not more definite than the petition, but adopts the same numbering, the plaintiff at the trial term can not have the answer stricken because of its failure to answer each paragraph of each count.
5. Motions to strike the answer for defects in form must be made before the trial term, since the defendant, if the same be stricken, has thirty days within which to open the default.

Argued July 11, — Decided August 14, 1903.

Complaint for land.  Before Judge Candler.  DeKalb superior court.  October 21, 1902.

Green, as administrator of John M. Hambrick, brought an action against R. M. Hambrick for the recovery of a certain lot of land.  The claim of title was based, in one count, on possession by the decedent, for more than twenty years, and, in another count, on possession by him under written evidence of title for seven years.  The alleged written evidence of title consisted of an application of the decedent, in 1869, to have this land set apart as a homestead ; the plat of the county surveyor, showing the survey of the lot and the marking of the lines around it, with the certificate of the surveyor stating that the plat was a correct plat of the lands of the applicant, and valuing the land at $1,000 ; the order of the ordinary approving the application, and his order approving the return of the surveyor.  At the trial these proceedings were introduced in evidence by the plaintiff, and he proved that the decedent had lived

on the land in question from about the year 1855 until his death, which occurred in 1900, and had left a widow, who was his wife when the homestead was set apart, and who was alive at the time of the trial. The plaintiff offered in evidence certified copies of an application of the widow for a year's support out of the estate of the decedent, with the return of the appraisers thereon, and the order of the ordinary making the return the judgment of the court, which return set aside to her certain personalty and a named amount in money, to be paid out of the decedent's estate of realty; but, on objection by the defendant on the ground that these papers were irrelevant, the court refused to admit them. At the conclusion of the plaintiff's evidence the court granted a nonsuit. The plaintiff excepted.

*J. Howell Green*, for plaintiff.
*Candler & Thomson*, for defendant.

LAMAR, J. According to many decisions, there must be a grantor and a grantee named in the paper in order for it to operate as color of title, though in this State a decree has been held sufficient for that purpose. *Wardlaw* v. *McNeill*, 106 *Ga.* 29. The authorities are in conflict as to whether a homestead is the creation of a new estate, or merely an incumbrance on the fee. If the latter, it could no more be color of title than a mortgage on the same land. In Keener v. Goodson, 89 N. C. 277, it was held that a judgment setting apart a homestead is not color of title; for it is in no sense a conveyance of land, nor does it profess to pass any title whatever. It in no way changes the title; it creates in the applicant no new estate, and has no other effect than to attach to his existing estate the quality of exemption from sale under execution. On the other hand there are decisions which seem to intimate that it is in the nature of a new trust estate, the title to which, and the increase from which, during its continuance, belong to the beneficiaries. In this State it has been held to be "an estate vested in the family." *Heard* v. *Downer*, 47 *Ga.* 629. Possession, to be the foundation of a prescription, must be in the right of the possessor and not of another (Civil Code, § 3584); and if the order setting apart the homestead be treated as the creation of an estate, and therefore color of title, the question would remain as to the character of the prescriptive title created by seven years possession thereunder. Would it

create a fee-simple estate in the beneficiaries; a fee simple in the head of the family, as trustee for the beneficiaries; a fee simple in the head of the family for the beneficiaries during life or minority, with reversion to the head of the family in fee; or would the prescription merely protect the character of the estate being prescribed, and terminate when the homestead was at an end? As the interest of others who are not before the court may be involved, and as it is not necessary to determine this point, we do not further deal with this question. But the homestead record, when offered by the administrator, showed affirmatively an outstanding life-estate in the widow, and that therefore he was not entitled to recover the land in this action. To meet this difficulty he then offered the record setting apart a year's support, for the purpose of showing that, as the widow was not entitled to both, she had, by obtaining a year's support, destroyed the homestead estate, with the result of revesting in him title and right of possession; and that therefore he was entitled to recover the land in this action.

The code provides for dower, homestead, and year's support. It has, however, been ruled that the widow is not entitled to take all three of these provisions. She is entitled to dower and year's support (*Calhoun* v. *Calhoun*, 58 *Ga.* 247, 248; *Austell* v. *Swann*, 74 *Ga.* 278, 290), but not entitled to a homestead and year's support when the aggregate for the two provisions exceeds the amount which may be set apart as a homestead and exemption under the laws of this State. *Donaldson* v. *Anderson*, 104 *Ga.* 673, and cases cited. Whenever she has a year's support set apart to her out of the land already held as a homestead, the latter becomes extinguished, the lesser estate being merged into the greater. *Lowe* v. *Webb*, 85 *Ga.* 731. See *Miller* v. *Crozier*, 105 *Ga.* 54; *Stringfellow* v. *Stringfellow*, 112 *Ga.* 494 (4). But this case raises the question as to whether the application for year's support of itself, ex proprio vigore, destroys the vested estate of the homestead. Generally an election between two rights is manifested by legal proceedings asking for one which is inconsistent with the other. *Mosely* v. *Lyon*, 48 *Ga.* 398; *Brunswick Co.* v. *Dart*, 93 *Ga.* 747. But, however this may ordinarily be, the law makes an exception in favor of widows and minors, and does not hold them to an election to the same extent as others better informed and more able to protect themselves. The election must be with full knowledge

of the condition of the estate. Compare Civil Code, § 4691. If the widow were seeking to enforce her judgment for a year's support against this property, it would amount to a final and definite act showing her determination to elect to take that provision, with whatever results might flow therefrom. But here the administrator is seeking to take advantage of the proceeding in which the year's support was set apart, although the widow herself may be able to show that the election is not binding, that it was made in ignorance of the condition of the estate, and that it is less than the homestead in value. The very fact that the title of the intestate to the land is now in dispute may be a reason why she would prefer to keep what she has, rather than undertake to collect a judgment which may never be paid. If she levies her execution on the homestead, it would undoubtedly be a waiver of the homestead right, if the value of the year's support is such as to bring the case within the ruling in *Donaldson* v. *Anderson,* 104 *Ga.* 673; or if she by written instrument or other act shall definitely renounce her interest in the homestead estate, her interest therein will cease, and she may proceed in her own name to enforce the judgment for year's support; or the administrator, on proof of any fact showing that the homestead is at an end, may proceed, by a new action of ejectment, to enforce whatever title his intestate had in the land. Under the state of the record we think the judge properly granted a nonsuit.

Each count in the petition was paragraphed and numbered consecutively from 1 to 9. The defendant in his answer admitted or denied the allegations in the paragraphs by number, without showing whether the answer related to the paragraphs in the first or second count, and the plaintiff moved at the trial term to strike the plea, and excepts to the judgment of the court refusing to sustain his motion. A plaintiff is required to number the paragraphs of his petition consecutively, and the plaintiff here was as much to blame for using duplicate numbers as was the defendant in failing to show to which count his answer referred. *Cooper* v. *Portner Brewing Co.,* 112 *Ga.* 895 (3). If the plaintiff was not satisfied with the answer, he should have demurred at the first term, when the plea was filed, and given the defendant an opportunity to amend; for if for any reason the court had stricken the plea and made an entry of default, the defendant would have had thirty days

thereafter within which to pay the costs and file a proper answer. By failing to object at the time fixed by law for that purpose the plaintiff waived the defect in the form of the answer. Civil Code, §§ 5045, 5051, 5052, 5072; *Davis* v. *S. C. & Ga. R. Co.*, 107 *Ga.* 422 (1); *Smith* v. *Champion*, 102 *Ga.* 94; *Ward* v. *Frick Co.*, 95 *Ga.* 804.

*Judgment affirmed. By four Justices. Candler, J., disqualified.*