### COOK *et al. v.* COOK, administrator.

LUMPKIN, J. 1. If a man takes a homestead for the benefit of his wife and children, and after the death of his wife he remarries during the minority of some of the children, his second wife becomes a beneficiary of the homestead. *Torrance* v. *Boyd,* 63 *Ga.* 22; *Dismuke* v. *Eady & Co.,* 80 *Ga.* 289 (5 S. E. 494).

2. Where a man took a homestead and his children became of age, upon his death, leaving his wife as the only beneficiary of the homestead estate, she could take a year's support out of the homestead property; and if the amount thereof did not include the entire homestead, she could also take dower out of the remainder of the real estate. *Page* v. *Page,* 50 *Ga.* 597; *Lowe* v. *Webb,* 85 *Ga.* 731 (11 S. E. 845); *Miller* v. *Crozier,* 105 *Ga.* 54 (31 S. E. 122); *Green* v. *Hambrick,* 118 *Ga.* 569 (45 S. E. 420).

3. A widow who is the sole beneficiary of a homestead, which was taken by her husband during his lifetime, after his death is not entitled to hold the homestead and at the same time take a year's support and dower in the same land. Under former rulings of this court, by applying for and obtaining a year's support and dower she destroyed the homestead estate which was for her benefit. *Roff, Sims & Co.* v. *Johnson*, 40 *Ga.* 555; *Donaldson* v. *Anderson*, 104 *Ga.* 673 (30 S. E. 883).

(*a*) Whether, if there are minor children in life, the widow can take dower as against them in property which has been set apart as a homestead, is not now for consideration.

4. Where notice was given of an application for dower, and of the time and place of hearing same, which was in a county adjoining that to which the return of the commissioners would be made, and at such time and place the judge at chambers appointed commissioners, who assigned dower and made return to the proper court, and judgment was duly entered thereon, it will not be declared a nullity on the ground that the judge was sitting at chambers outside his circuit when the appointment was made, or on the ground that the record did not show that the commissioners made the affidavit provided by law before assigning dower. Civil Code (1910), § 5257; *Early & Lane* v. *Oliver & Norton*, 63 *Ga.* 12, 22.

5. As to material points in the case the evidence was in conflict, and there was no abuse of discretion in denying the injunction prayed.

*Judgment affirmed. All the Justices concur.*

APRIL 11, 1912.

Petition for injunction. Before Judge Roan. Campbell superior court. July 15, 1911.

*J. S. James*, for plaintiff.    *T. O. Hathcock*, for defendant.