## TABB *et al. vs.* COLLIER.

1. When a year's support has been set apart by the ordinary from the estate of a decedent, it vests in the widow and children; its object is their support; and if it be in land, the sale thereof and application of the proceeds is a necessary implication, although there is no express provision of law for that purpose. Therefore, where the widow, with the approval of the ordinary, sells land so set apart, and appropriates the proceeds thereof to the support of the heirs at law, they cannot recover it because no express power is given to the ordinary to order the sale, or because his approval of such sale was irregular.

2. Every presumption is in favor of the judgment of the ordinary setting apart a year's support, and it cannot be collaterally attacked.

Year's Support. Title. Judgments. Before Judge HOOD. Early Superior Court. October Term, 1881.

Reported in the decision.

BUSH & LYON, by JACKSON & KING, for plaintiff in error.

H. C. SHEFFIELD, by J. H. LUMPKIN, for defendant.

CRAWFORD, Justice.

This was an action of ejectment brought by the children of George M. Tabb against S. J. Collier, to recover their interest in a lot of land of which their father died possessed.

The record shows that some years after the death of the father, there being no administrator or executor upon his estate, the land was set apart as a year's support for the widow and these children ; that after being so set apart it was sold to one Sanders, under whom Collier claims; that Sanders and the widow went to the ordinary, she set forth before him the manner in which she intended to appropriate this money for the benefit of herself and her children, which was approved by him ; that the children, seven in number, were feeble, unable to do much work, and the family were in rather destitute circumstances, having no other means of support ; that the deed was then executed and endorsed on the back as follows : " Court of ordinary, November 18th, 1869. I approve the within deed, passed an order for the sale of the same." It was also shown that Sanders refused to buy without the approval was endorsed on the deed ; that he paid the money to the ordinary, and he paid it to the widow.

1. The vital and controlling issue made upon the trial of this case was that the title to this land vested in the widow and children of the deceased, and having so vested it could only be divested by a sale regularly authorized by the ordinary, or by a chancellor in the mode pointed out by law.

There is no question but that the provision so made, is

to be for the benefit of the entire family, and is to be, as is declared by law, for a year's support to them, but is not to be administered as a part of the estate. This, then, being so, does it not follow by necessary implication that if this property so set apart is not adapted to the use of the family, that it may, without the aid of courts or chancellors, be converted and made available for the purposes intended? We do not understand that, to be enjoyed, further notices, guardians, and orders are to be obtained to change land, already given for support, into bread before it is to be allowed. To do so would consume not less than two months, and in most cases longer, during which time a family having, as is shown in this case, nothing else to live upon, would come to want.

We hold, therefore, that where a year's support has been set apart by the ordinary, the same vests in the widow and children; and if the same be in land, and the widow by the approval of the ordinary sells it and appropriates the proceeds thereof to the support of the heirs at law, they cannot recover the same because there is no express power given the ordinary to order the sale, or because the approval of the ordinary to such sale was irregular. 50 *Ga.*, 568.

2. But it is insisted that this family had a year's support before this was set apart, the husband and father having been dead some years before the application was made, and cases are cited to sustain that view. The principle here invoked is to be applied before, not after, the final judgment of the ordinary has been pronounced. Every presumption is in favor of their judgments, nor are they to be collaterally attacked except where the record shows a want of jurisdictional facts.

Under the facts as disclosed by the record in this case, the verdict was right, and the judge committed no error in overruling the motion for a new trial.

Judgment affirmed.