## REYNOLDS *et al. v.* NORVELL.

1. "While lapse of time between the death of a husband, and the application of his widow for a year's support, during which time she lived upon the land and made use of the personalty of her deceased husband, may furnish ground to defeat the application before the ordinary, yet when the final judgment of that court has been rendered in the case, it is too late to attack it, especially before another court, except for causes apparent upon the face of the record, showing a want of jurisdiction either of the person or subject-matter."

2. A testator died leaving a wife and an insane son by a former marriage. He devised his realty to his wife for life or during widowhood, and upon her death or marriage "one half of the same to go to" his son, "provided he should be restored to sanity and sound mind, and the other half expended" as set out in the second item of his will, the material part of which was as follows: "In the event of the death or marriage of my said wife Elizabeth before the restoration of my said son to sanity, it is my will that my executor. . shall sell and dispose of all my property, upon such terms as they deem best, either publicly or privately, without order of any court, and my executor . . shall not be required to give security; all the proceeds after the sale shall be expended in endowing the graves and erecting suitable monuments over the same of myself and my present and former wife and said son at the graveyard known as the Gilpin graveyard." Upon the death of the testator his widow entered upon the land and her possession continued until the land was set aside to her as a year's support, which occurred after the son's death. *Held,* that the judgment allowing the widow a year's support in the land is not void on the ground that title had passed out of the testator's estate at the time the year's support was assigned.

3. A judgment approving the return of commissioners setting aside a year's support, where all the proceedings are regular, can not be attacked as fraudulent because interested parties could have successfully resisted the judgment had they interposed timely objection.

Submitted June 5,—Decided November 15, 1907.

Equitable petition. Before Judge Hammond. Columbia superior court. September 7, 1906.

The petitioners, as sole next of kin of Dickerson Reynolds and Seaborn A. Reynolds, filed their petition to the March term, 1906, of Columbia superior court, against Thomas E. Norvell, individually and as administrator with the will annexed of Dickerson Reynolds, wherein they set up the following state of facts: Dickerson Reynolds died in 1886, and his will was duly probated in 1887. Gilpin, the nominated executor, duly qualified as such. He left surviving him his wife Elizabeth, and Seaborn A., a son by a former marriage. Seaborn A., at the time of the testator's death,

was a lunatic, and was confined in the lunatic asylum. By his will certain realty, which is the subject-matter of the present suit was devised to his wife for life or during widowhood, and upon her death or marriage "one half of the same to go to" his son, "provided he should be restored to sanity and sound mind, and the other half expended" as set out in the second item of his will. The material part of the second item is as follows: "In the event of the death or marriage of my said wife Elizabeth before the restoration of my said son to sanity, it is my will that my executor . . shall sell and dispose of all my property, upon such terms as they deem best, either publicly or privately, without the order of any court, and my executor . . shall not be required to give security; all the proceeds after the sale shall be expended in endowing the graves and erecting suitable monuments over the same of myself and my present and former wife and said son at the graveyard known as the Gilpin graveyard." Gilpin having been adjudged . insane, Norvell, the defendant, was appointed administrator with the will annexed in 1895. As such administrator Norvell in 1898 applied for and had set apart to the widow as a year's support the property devised, and the return of the appraisers setting this property aside was duly recorded in 1898. Upon the death of her husband the widow had entered upon the land bequeathed to her, accepted the devise of the life-estate, and lived thereon as tenant for life till the same was set aside to her as a year's support. In 1899 the widow conveyed the land in question to Norvell. Subsequently, in 1902, she died, and since her death Norvell has taken possession of the land claiming it under the deed from the widow. The son died in 1891, without restoration to sanity. It is alleged that an intestacy resulted as to the one half of the remainder devised to the son, and that the life-estate devised to the wife was evidently intended to be in lieu of a year's support; that the proceedings upon the application for year's support were void by reason of the delay of eleven years after testator's death in making the application, the court by reason of this fact being without jurisdiction to entertain the same. It is charged that the year's support is also void for fraud in this: that after having accepted the legacy intended by the testator in lieu of a year's support for eleven years, and having, at the time of the application therefor, no right thereto, "yet, nevertheless, for

33

the illegal and fraudulent purpose of divesting out of the estate of said testator the fee in said tract of land and of vesting said fee in said Elizabeth Reynolds, and thence into said Thomas E. Norvell, individually for their own use and benefit, to the destruction of said will and the rights of your petitioners in said testator's estate, said Elizabeth Reynolds and said Thomas E. Norvell, individually, and as administrator as aforesaid, in 1898, illegally and fraudulently combined and confederated together to divest the fee in said tract of land out of the estate of said testator into said Elizabeth Reynolds, under color of a setting apart said tract as a year's support unto the said Elizabeth," for the purpose of conveying it to Norvell; and to effectuate this combination and confederacy, Norvell, as administrator, applied for the year's support, and the widow conveyed the land to him, concealing from the ordinary "said lack of right in said Elizabeth to a year's support . . and the real purpose for which the application was made," and obtained the year's support, and petitioners "had no notice or means of notice of said combination and confederacy until very shortly, to wit, one month before the filing of this writ." It is further alleged that Norvell refuses to turn over one half of the property to petitioners, and has failed to apply the other half towards placing monuments over the graves of decedent's family, etc., as directed in the will. The prayers are, that the year's support be declared void, the deed to Norvell canceled; that petitioners recover one half of the property and mesne profits; that Norvell's letters of administration be revoked, and a trustee appointed to take charge of the other half of the property and the mesne profits thereof; and that the trustee be directed to sell the one half undivided interest, and apply the proceeds to "the execution of the mortuary trust in said will specified; and in the event it should appear that the intention of testator was to apply the entire remainder to the mortuary trust, then that the trustee be directed so to apply the same." The defendant filed his demurrer, which was sustained, and plaintiffs excepted. .

*B. B. McCowen* and *Salem Dutcher*, for plaintiffs.

*Lamar & Callaway*, for defendant.

EVANS, P. J. The petition alleges that the tract of land sued for was set aside as a year's support to the defendant Norvell's grantee, and duly ordered to record. "Such a record has the bind-

ing force and effect of any other judgment." *Birt* v. *Brown*, 106 *Ga.* 23; *Josey* v. *Gordon*, 107 *Ga.* 110. Therefore, if the judgment was valid, and the property set aside was in the estate of the testator, Dickerson Reynolds, at the time it was set aside, petitioners, who claim only as next of kin of Dickerson Reynolds, have no right to recover.

1. But it is claimed that the proceedings had upon the application for year's support were "coram non judice, null and void, . . it manifestly appearing on the face of the record of said proceedings, that said ordinary had no jurisdiction in the premises, said application having been made on behalf of Elizabeth Reynolds, widow of Dickerson Reynolds, in 1898 for a year's support out of the estate of said Dickerson Reynolds, who departed this life in 1886, and on whose estate letters testamentary issued on July 4th, 1887." Plaintiffs contend that the right to a year's support is limited to the twelve months·immediately succeeding the death of the person out of whose estate it may be set aside, and must be asserted within that time, and that as the application for a year's support in the present case showed that it was not applied for until eleven years after Dickerson Reynolds' death, the court of ordinary had no jurisdiction to entertain the application, and the record of the return of the appraisers therein was a void judgment. In *Goss* v. *Greenway*, 70 *Ga.* 130, this court held: "While lapse of time between the death of a husband, and the application by his widow for a year's support, during which time she lived upon the land and made use of the personalty of her deceased husband, may furnish ground to defeat the application before the ordinary, yet when the final judgment of that court has been rendered in the case, it is too late to attack it, especially before another court, except for causes apparent upon the face of the record, showing a want of jurisdiction either of the person or subject-matter." This ruling is expressly put upon the cases of *Miller* v. *Defoor*, 50 *Ga.* 566, where the year's support was allowed after the family had lived nearly twelve years on the land set apart; and *Tabb* v. *Collier*, 68 *Ga.* 643, where the land had been occupied and used by the applicants for several years after the husband and father's death. It will thus be seen that while mere lapse of time may be a good ground to resist an application for year's support, it not only does not deprive the court of ordinary of jurisdiction, but does

not afford a ground for setting aside the judgment after the return of the appraisers has been admitted to record. See also *Fulghum* v. *Fulghum,* 111 *Ga.* 635; *Lowe* v. *Webb,* 85 *Ga.* 731; *Bardwell* v. *Edwards,* 117 *Ga.* 824.

2. But it is contended, that, even if the court had jurisdiction, that judgment merely gave to Mrs. Reynolds whatever title was still in the estate of her husband; and as the executor had assented to the devise in her husband's will of a life-estate to her in this property, and she had entered upon this estate, this assent to the life-estate was also an assent to those taking the remainder. It is urged that the title to one half of this remainder passed to the executor as a trustee, for the purpose of applying the same to the care of the graves, as provided in the second item of the will; that as the son died without restoration to sanity, an intestacy resulted as to the half of the remainder devised to him in the event of his restoration, and that this half vested in the son, and passed to plaintiffs on his death as his next of kin. If it be granted, as contended by the plaintiff, that the direction to the executor, in the second item of the will, to sell and dispose of all his property, referred only to one half of the remainder, and that as the son was never restored to sanity there was an intestacy as to that part of the estate, still the property had not passed out of the estate at the time the year's support was set aside. The will specially provides that upon the death or marriage of the wife at least one half of the remainder shall be sold and disposed of by his executor, and the proceeds applied in caring for testator's cemetery lot, and clearly indicates that by such *sale* title was to be passed out of his estate. If so, there was a partial intestacy as to the other half of the remainder. In *Lamar* v. *Gardner,* 113 *Ga.* 781, after a full review of the conflicting lines of our decisions upon this point, it was held that under the Civil Code, § 3313, an executor or administrator with the will annexed was required to "administer the undevised as well as the devised estate of the testator." If, as claimed, this one half of the remainder was undevised by the testator, it had never been administered by the administrator with the will annexed at the time the judgment setting aside the year's support was rendered, and thus both halves of the remainder remained in the testator's estate, and passed by the judgment.

3. Nor can the petition be sustained as a direct attack by a pro-

ceeding in equity to set aside the judgment for fraud. In the first place, the estate of the widow in whose favor the judgment was rendered is not represented, and it would seem that her legal representative is a necessary party. In the second place, the petition does not set out any acts of fraud or fraudulent scheme, which would justify a court of equity in setting aside this judgment. There is no allegation of concealment by the administrator in making the application; and as no attack is made upon the regularity of the proceedings, it must have been advertised by citation in the usual way, which is the open and only method of service provided by law. The appraisers made their return, and no one came forward to oppose the record of the proceedings. The representative of the estate made the application, and not the widow. It is not alleged that the appraisers, who alone select the property to be set aside, were in any way influenced to make the return they made. Whatever may have been the purpose of Norvell and the widow, it is manifest that the appraisers intended to give the widow the full title to the property set apart. Their return and its record alone are the judgment, and it is not even hinted that the administrator or the widow in any way influenced this return. It could not have been material to them, or to plaintiffs, what disposition she made or wished to make of the property in the event it was set aside. If it became hers, it was no concern of plaintiffs what she did with it. They do not allege that anything was done to prevent them from knowing of the application, but allege merely that they "had no notice or means of notice of said combination and confederacy" until a month prior to filing their petition. They had the only notice the law requires, the citation from the court of ordinary, regularly published. If a judgment were recovered in an action at law upon a petition regularly served, it would not avail the defendant in fi. fa., in a proceeding to set it aside, to say merely that he did not know that the suit had been instituted. The attack upon the judgment in the present case must resolve itself either into a plea of payment or the bar of the statute of limitations, both of which are defenses that must be set up before judgment. The law gives the widow a right to a year's support, nor is she deprived of that right by accepting a legacy under his will, unless expressly in lieu thereof. It has been more than once ruled that where upon the death of the husband a widow

and minor children have a life-estate in the property by virtue of a homestead, this "does not defeat their right, after his death, to the statutory year's support, even though for more than a year succeeding his death they may have lived on the homestead estate and derived a support from it." *Bardwell* v. *Edwards,* supra. The mere fact that Mrs. Reynolds had accepted the life-estate, and subsequently was awarded, by the appraisers appointed, the remainder interest, as a year's support, is surely no ground of fraud.

Since the petition showed that the remainder passed to defendant's grantee by the record of the return of the appraisers in the year's support proceeding, and fails to show any sufficient reason, either in law or equity, why this judgment should be set aside, the trial judge did not err in sustaining the demurrer to the petition.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*