RIDDLE *v.* SHOUPE.

GEORGE, J.  1. Long lapse of time between the death of a husband and the application of his widow for year's support, the setting apart of a previous year's support out of the estate of the husband, and a parol partition of the land of the husband by his heirs at law with the consent and acquiescence of the widow, are matters to be addressed to the ordinary before final judgment setting apart to the widow a year's support in the land of the husband, and can not, in another and different court, be made the basis of a collateral attack on the judgment. Every presumption is in favor of the judgment of the ordinary setting apart the year's support, and it is not subject to collateral attack except where the record discloses a want of jurisdictional facts. *Tabb* v. *Collier,* 68 *Ga.* 641 (2); *Goss* v. *Greenaway,* 70 *Ga.* 130 (1); *Reynolds* v. *Norvell,* 129 *Ga.* 512 (59 S. E. 299).

2. An equity so perfect in all respects as to amount to legal title, sufficient

to support or defeat an action in ejectment, is subordinate to the title of one purchasing for value from an apparent holder of the legal title, who is in possession of the land bona fide and without notice of the equity. Powell on Actions for Land, § 148; *Allen* v. *Holding*, 29 *Ga.* 485; *Skinner* v. *Willis*, 54 *Ga.* 192 (2) ; *Gorman* v. *Wood*, 68 *Ga.* 524; *Coody* v. *Gress Lumber Co.*, 82 *Ga.* 793, 799 (10 S. E. 218) ; *Ralph* v. *Ward*, 109 *Ga.* 363 (2), 365 (34 S. E. 610) *: Temples* v. *Temples*, 70 *Ga.* 480.

3. Where in an action of ejectment it appeared from the undisputed evidence that A died seized and possessed of certain land, leaving four children and a widow as his sole heirs at law; that the children, with the consent and acquiescence of the widow, agreed' upon a parol division of the land; that the widow continued in the possession of the land for 38 years thereafter, and then applied to the ordinary for the setting apart of a year's support in the land of her deceased husband: that the final judgment of the ordinary, setting apart to the widow as a year's support all the land of which the husband died seized and possessed, was regular upon its face; and that the defendant in the action purchased for value the land thus set apart to the widow, who was then in possession of the land, bona fide and without notice of the parol partition by the heirs,—the defendant acquired a legal title superior to the equitable title of the children or their heirs at law. Cf. *Temples* v. *Temples* and *Ralph* v. *Ward*, supra.

4. In view of the foregoing, the rejection of certain evidence offered by the plaintiff, the husband and sole heir of one of the children of A, tending to establish the parol division of the land by the children of A, and the consent and acquiescence of the widow to such partition, but in no respect impeaching the bona fides of the defendant, was harmless. Had the evidence been admitted, a verdict for the defendant was still required, and the court did not err in so directing.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 177.  NOVEMBER 17, 1917.

Ejectment. Before Judge Munro. Taylor superior court. December 21, 1916.

*W. F. Weaver*, for plaintiff.  *C. W. Foy*, for defendant.