## LANE *v.* JACKSON *et al.*

1. A judgment of the ordinary setting aside a year's support is a judgment of a court of general jurisdiction. Every presumption is in favor of the validity of such judgment, and it can not be collaterally attacked except where the record shows a want of jurisdictional facts.

2. Where realty, duly set apart as a year's support to the widow and minor children of a decedent, is subsequently conveyed by the widow, the children upon their majority can not recover the land as heirs at law of the decedent.

No. 2172. June 16, 1921.

Equitable petition. Before Judge Gower. Dooly superior court. July 10, 1920.

On December 14, 1892, W. A. Jackson died intestate, seized and possessed of certain land, the subject-matter of this suit. He was survived by his wife, Mrs. Mollie Jackson, and by four children (all of whom were at the time minors), to wit, W. A. Jackson, S. A. Jackson, S. W. Jackson, and Oswell Jackson. On February 21, 1893, the land, together with certain personal property, was duly set aside as a year's support to the widow and minor children above named. On November 10, 1893, the mother, who is still in life, conveyed by deed the land embraced in the year's support, to J. M. Lane, who immediately went into possession of the land and has remained continuously in possession up to the filing of this suit. This suit was filed on October 13, 1914, by the four children of W. A. Jackson, all of whom were at that time of age. J. M. Lane is named as the sole defendant in the suit, which was brought by plaintiffs " as heirs at law of W. A. Jackson;" it being distinctly alleged that the plaintiffs sue as heirs at law of their deceased father, and that " as heirs at law of their father they are entitled to their distributive share in said land, which is one fifth undivided interest each, together with the rents arising therefrom." The petition further charges that the judgment setting aside the year's support was void, because the land, the subject-matter of the suit, was inadequately valued, and that the land and personalty set apart as a year's support was grossly excessive. It is also alleged that the defendant, at the time of his purchase of the land, knew that the award and judgment of the ordinary (which had been previously entered) was excessive, and knew that the personalty, together with the annual rents and profits from the land, was sufficient to support the widow and children. It is also alleged that the defendant, who was a near neighbor of Mrs. Mollie Jackson, knew that she was not selling it for the purpose of supporting herself and her children, a sale of the land being unnecessary, but that she was selling it in order that she might reduce the property to her

possession for the purpose of using the same for her benefit. It is charged that she did, subsequently to the sale of the land, re-marry, and that she did not use the property, or the proceeds of the sale, for the purpose of providing a support for herself or plaintiffs. It is further alleged that the defendant bought the land for less than its full value, and that Mrs. Mollie Jackson refuses to sue for the recovery of the land, and that she and the defendant are acting collusively. The prayers of the petition are, that the judgment of the ordinary setting aside the year's support be declared void; that the deed from Mrs. Jackson to the de-fendant be declared to be fraudulent and void, and canceled as a cloud upon the title of plaintiffs; that a four-fifths undivided in-terest in the land be decreed to be in petitioners, etc. To the petition the defendant filed a general demurrer, which was over-ruled, and he excepted.

*D. L. Henderson* and *Whipple & McKenzie,* for plaintiff in error.

*J. M. Busbee* and *E. F. Strozier,* contra.

GEORGE, J. (After stating the foregoing facts.) Properly con-strued, the suit is an action by plaintiffs as heirs at law of W. A. Jackson, deceased, to recover land which he owned at the time of his death. The plaintiffs definitely characterize their suit as one by themselves as heirs at law of their deceased father. They attack the judgment setting aside the year's support for the mother and plaintiffs. They further charge that the defendant purchased the land with knowledge that such judgment was void, and that he is not a bona fide purchaser of the land. The suit is in no sense a suit by plaintiffs as beneficiaries under the judg-ment for year's support, although some of the allegations are ap-propriate to such a suit. Thus considered, the petition was sub-ject to demurrer, unless the judgment in the year's support pro-ceeding was void as alleged. In *Hendrix* v. *Causey,* 148 *Ga.* 164, 165 (96 S. E. 180); this court, speaking through Mr. Justice Gilbert, said: "In a proceeding to set apart a year's support for a widow and minor children out of the property of the deceased husband, the widow may act for the minor children as well as herself. Civil Code, § 4041; *Ferris* v. *Van Ingen,* 110 *Ga.* 102 (7), 118 (35 S. E. 347). In such case the minor children are as plaintiffs and the judgment obtained is in their behalf. The

notice required by law of an application for year's support and the return of the appraisers is for the benefit of persons whose interests are adversely affected by the judgment, and not for the widow and minors, for whose benefit the judgment is rendered. Neither the widow nor the minor children can complain that others do not have proper notice of the proceedings. See *Galloway* v. *Vestal*, 135 *Ga.* 707-711 (70 S. E. 589). The plaintiff in this case is one of the minors for whose benefit the year's support was set apart." See also *Seeland* v. *Denton Realty Corporation*, 148 *Ga.* 628 (97 S. E. 681). Since the plaintiffs in this suit were plaintiffs in the year's support proceedings, it would seem that they can not be heard to complain that the judgment therein is void because the amount set apart to them was grossly excessive. It is, however, settled that a judgment of the ordinary setting apart a year's support is a judgment of a court of general jurisdiction. *Stringfellow* v. *Stringfellow*, 112 *Ga.* 495 (37 S. E. 767). "Every presumption is in favor of the judgment of the ordinary setting apart a year's support, and it can not be collaterally attacked." *Tabb* v. *Collier*, 68 *Ga.* 641 (2); *Goss* v. *Greenaway*, 70 *Ga.* 131. The petition alleges that the land was duly set apart as a year's support. The year's support proceedings were therefore regular upon their face. They did not disclose a want of jurisdiction either of the person or subject-matter. *Wash* v. *Dickson*, 147 *Ga.* 540 (94 S. E. 1009). Fraud in the procurement of the judgment is not charged. At least the defendant is not charged with any fraud in the procurement of the judgment. It is alleged that the defendant at the time of his purchase, which was some time subsequently to the setting apart of the year's support, knew that the judgment was void because the amount of the property set apart for the year's support was grossly excessive. Even if this be fraud at all, it is not such fraud in the procurement of the judgment as will open that judgment to collateral attack, in the circumstances alleged in the petition.

The judgment approving the return of the commissioners setting aside the year's support must, for the purposes of this case, be taken as a valid judgment. "The property so set apart by the appraisers shall vest in the widow and child, or children; and if no widow, in such children, share and share alike; and

the same shall not be administered as the estate of the deceased husband or father." Civil Code, (1910), § 4044. The estate in property set aside as a year's support is a fee-simple estate. It is certain that plaintiffs, so long as the judgment remains in force, must claim under and by virtue of the judgment, and not as heirs at law of the deceased father. *Miller* v. *Miller,* 105 *Ga.* 305 (31 S. E. 186); *Mulherin* v. *Kennedy,* 120 *Ga.* 1080 (48 S. E. 437); *Moore* v. *Moore,* 126 *Ga.* 735 (55 S. E. 950); *Winn* v. *Lunsford,* 130 *Ga.* 436 (61 S. E. 9). The third headnote in *Stringfellow* v. *Stringfellow.* supra, is as follows: "Where petitioners seek, as heirs at law of a named decedent, to have lands which he owned at the time of his death partitioned between themselves and others, a complete defense to such action is made out when it is shown that, after the death of the owner of the lands, they were duly set apart to his widow and minor child as a year's support. (*a*) Property duly set apart to the widow and minor child of an intestate, as a year's support, vests in them, and the heirs at law of the intestate no longer have any interest therein." The case of *Moore* v. *Moore,* supra, is directly applicable and controlling. The plaintiffs in that case sued as heirs at law of their deceased father. They based their claim for a recovery upon proof that their father died in possession of the realty sued for. It appeared that after the death of the father the land was set apart to his widow as a year's support. The widow was the stepmother of plaintiffs; and it was held that upon her death the land descended to her heirs at law, and not to the plaintiffs. It is unnecessary in this case to decide the exact character of the estate of the plaintiffs in the land set apart to the mother and the plaintiffs as a year's support, the mother being yet in life. Whatever the nature of their estate or interest in the land, that estate or interest is based upon the judgment of the court of ordinary setting aside the year's support, and the plaintiffs can not recover the land or any interest therein as heirs at law of their deceased father. Since the plaintiffs sued in the latter capacity only, the court erred in overruling the general demurrer to the petition. *Judgment reversed. All the Justices concur.*