DOUGHERTY-LITTLE-REDWINE-COMPANY *et al. v.* HATCHER *et al.*

*Little, Powell, Smith & Goldstein, Spalding, MacDougald & Sibley,* and *A. S. Clay III,* for plaintiffs.

*Linton C. Hopkins,* for defendants.   ·

HILL, J.   Clarence W. Hatcher in his lifetime conducted a mercantile business at No. 246-248 Marietta Street, Atlanta, Georgia, under the name of C. W. Hatcher & Company.   He had no partner.   He died leaving a will in which he gave to his wife, Bessie M. Hatcher, "full power and authority to transact any business that may be necessary in operating the business now known as C. W. Hatcher & Company."·   He nominated his wife as executrix. The will was duly admitted to probate, and letters testamentary were issued to her.   She took charge of the mercantile business from the date of the testator's death, under authority of the will, and continued to operate it under the same name and at the same place until a receiver was appointed to take charge of it.   No additional capital was put into the business, so far as the record shows; but Mrs. Hatcher did put into the business, out of money belonging to her, the proceeds of an insurance policy on her husband's life, several thousand dollars.   The stock of goods as it existed at the time of the death of C. W. Hatcher was changed by sales and additional purchases as is usual in a mercantile business.   The business belonged to the estate of C. W. Hatcher.   After conducting the business for some time Mrs. Hatcher became incapacitated mentally and physically, by ill health, to conduct it, and a receiver was appointed, on petition of creditors, to take charge of it as the business of the estate of C. W. Hatcher. · The receivership was afterward extended to both the real and personal property belonging to the estate.   H. C. Peeples was appointed as auditor to determine all questions in said case not previously disposed of, "the particular issue remaining undisposed of, and being the only issue involved in this bill of exceptions, being the validity of a certain judgment rendered in the court of ordinary in favor of Mrs. Bessie M. Hatcher for a year's support."   The auditor filed his report, to which the plaintiffs filed exceptions both of law and

of fact. The judge of the superior court passed an order making the findings and conclusions of the auditor, both of law and of fact, the findings and conclusions of the court, and a final decree was therein entered which was adverse to the plaintiffs and to the receiver. "To this ruling, finding, and decree the plaintiffs and the receiver (plaintiffs in error herein) excepted and now except, and assign the same as error, upon the ground that each and all of said findings, rulings, and said decree were contrary to law and against the principles of justice and equity."

On the call of the case in this court the defendants in error made a motion to dismiss the writ of error, on the grounds: (1) Because it does not specify plainly the decision complained of and the alleged error. There is no sufficient assignment of error in the bill of exceptions. The assignments are fatally vague and indefinite. (2) Because there is no definite or sufficient designation of any party or parties defendant in the bill of exceptions. (3) Because neither of the parties plaintiff in error has the right to maintain the writ of error. The second ground of the motion to dismiss was met by making proper parties defendant in error in this court. The other grounds are without merit. In *Jones* v. *Nisbet*, 165 *Ga.* 826, 828 (142 S. E. 164), it was stated that "'the court passed an order and decree making the findings and conclusions of the auditor, both of fact and of law, as the findings and conclusions of the court, and a final decree was therein entered by the court, in which said cause was adjudicated adversely to the plaintiffs. To this ruling, finding, and decree the plaintiffs excepted, now except, and assign the same as error upon the ground that each and all of said findings and said decree was contrary to law and against the principles of justice and equity.' It is insisted by defendants that the exception thus stated has reference only to the ruling making the findings of the auditor the judgment of the court, and the decree rendered in accordance with the findings of the auditor, and that there is nothing in the bill of exceptions showing that the plaintiffs are excepting to the action of the court in overruling their exceptions to the auditor's report, and that consequently no question is presented to this court as to whether the findings of the auditor are correct. With this contention of the defendants we can not agree. When in the bill of exceptions it is recited that the court passed an order making the findings and conclusions of the auditor, both

of fact and law, the judgment of the court, that a final decree was entered in which the cause was adjudicated adversely to the plaintiffs, and that to this ruling and judgment the plaintiffs excepted and assign the same as error upon the ground that 'each and all of said findings and said decree was contrary to law and against the principles of justice and equity,' this is a sufficient exception to the action of the court in overruling the exceptions to the auditor's report."

■ It appears from the findings of the auditor and from the facts in the record that the twelve months support applied for in the court of ordinary was made in due form and was legally approved; that Mrs. Hatcher gave notice to herself as executrix, and procured the appointment of appraisers to set apart and assign a twelve months support for herself, and the appraisers did set aside $3,000 out of the money in the hands of the receiver. The order of the ordinary approving the return of the appraisers was entered on the first Monday in May following. Before the term of court had expired, the receiver of Hatcher's estate applied to the court of ordinary to vacate the order approving and setting apart the twelve months support, on various grounds. The court of ordinary set the judgment aside *temporarily*. Later, an order of the superior court enjoined Mrs. Hatcher from further prosecuting the case in the ordinary's court, and required all parties to submit the issue to the superior court. To the auditor, by agreement, was submitted the question whether the ordinary's court had exclusive jurisdiction of the matter of granting a twelve months support, so that its judgment became res adjudicata and bound the receiver, and whether the ordinary's court had any jurisdiction or right to set aside its judgment. The question was raised that the receiver had no authority to appear in the ordinary's court. The auditor made his findings both of fact and of law; and his conclusion was that the ordinary had no right to set aside the judgment approving the twelve months support, that the judgment was binding upon every one, including the receiver, and that the amount set aside as a twelve months support ought to be paid out of funds in the hands of the receiver. The auditor found, as his conclusions of law, the following: "1. Year's support was duly set apart to Mrs. Hatcher. Her demurrer to the petition of the receiver in the court of ordinary should be sustained, as above stated, and the order thereon

should be revoked. 2. The demurrer of Mrs. Hatcher to the petition in the superior court of the receiver for restraining order, etc., should be sustained, as above stated. 3. Mrs. Hatcher is properly allowed to withdraw her claim for a legacy, and is not by election precluded, as above stated, as being paid the $3,000 allowance for year's support. 4. The demurrer of Mrs. Hatcher to the proposed amendment to the original petition in equity in this cause should be sustained, as hereinabove stated. 5. The funds in the hands of the receiver should be disbursed as follows: . . (2) Mrs. Hatcher should be paid $3,000 allowance of year's support."

The Civil Code (1910), § 4041, provides: "Among the necessary expenses of administration, and to be preferred before all other debts, except as otherwise specially provided, is the provision for the support of the family, to be ascertained as follows: Upon the death of any person testate or intestate, leaving an estate solvent or insolvent, and leaving a widow, or a widow and minor child or children, or minor child or children only, it shall be the duty of the ordinary, on the application of the widow, or the guardian of the child or children, or any other person in their behalf, on notice to the representative of the estate (if there is one, and, if none, without notice), to appoint five discreet appraisers; and it shall be the duty of such appraisers, or a majority of them, to set apart and assign to such widow and children, or children only, either in property or money, a sufficiency from the estate for their support and maintenance for the space of twelve months from the date of administration, in case there be administration on the estate, to be estimated according to the circumstances and standing of the family previously to the death of the testator or intestate, and keeping in view also the solvency of the estate." When C. W. Hatcher died his widow had a right to a year's support, and that right was fixed by the provisions of the code section quoted. She had the right to apply for her twelve months support and did apply for it, and the record shows that the application and the order granting it were duly made and entered, and the order of the ordinary granting the year's support is not subject to be attacked by the receiver in the present case. See *Reynolds* v. *Norvell,* 129 *Ga.* 512 (59 S. E. 299) ; *Goss* v. *Greenway,* 70 *Ga.* 130. The presumption is in favor of the judgment of the court of ordinary setting aside a year's

support, and it can not be collaterally attacked. *Tabb* v. *Collier,* 68 *Ga.* 641 (2). This is so even though the widow and children live on the land and get their support from it. *Reynolds* v. *Norvell,* supra. The right to a twelve months support vests immediately on death. *Bardwell* v. *Edwards,* 117 *Ga.* 824 (45 S. E. 40). A twelve months support is not a debt but is an incumbrance higher than a debt. *Barron* v. *Burney,* 38 *Ga.* 264, 269; *Goss* v. *Greenway,* supra. The court of ordinary was the only forum where Mrs. Hatcher could apply for her year's support. She had the right to it, all the requirements of law were complied with, and the judgment of the court of ordinary granting it to her was final. It may be that the receiver of her husband's estate could not pay the twelve months support set apart to the widow of the deceased out of the funds in the hands of the receiver, without an order of the court appointing him, and to that end his widow· filed her application to have the receiver pay it.

The original jurisdiction of a court of ordinary in a year's-support proceeding is exclusive, and the fact that the estate is in the hands of a trustee or receiver will not affect the right of the widow to proceed for it. Dicks, 198 Fed. 293. After a judgment by a court of ordinary setting aside a twelve months support, that court can not suspend or vacate such judgment merely to let in a defense which should have been offered before judgment. *Moore* v. *Kelly & Jones Co.,* 109 *Ga.* 798 (2), 801 (35 S. E. 168); *Kellam* v. *Todd,* 114 *Ga.* 981, 983 (41 S. E. 39); *Daniel* v. *Citizens Loan &c. Co.,* 23 *Ga. App.* 684 (99 S. E. 226). A judgment of the court of ordinary allowing a year's support is a judgment of a court of general jurisdiction, and the presumption is that everything necessary to be done was done. *Stringfellow* v. *Stringfellow,* 112 *Ga.* 494 (37 S. E. 767), and cit. And see *Lane* v. *Jackson,* 151 *Ga.* 584 (107 S. E. 846). The judgment of the court of ordinary approving the year's support concluded all questions except two: (1) has the receiver $3,000 in hand? (2) is $3,000 of the money in the receiver's hands property belonging to the estate of C. W. Hatcher, or proceeds of the original or substituted property of the estate? *Wood* v. *Brown,* 121 *Ga.* 471, 473 (49 S. E. 295). The finding of the auditor on these questions was in the affirmative, and was authorized by the evidence. ·

"In equity cases submitted to an auditor, to whose report ex-

ceptions of law and fact are filed, the trial judge can, in his discretion, decline to submit the exceptions of fact to a jury, unless he approves them. He may disapprove the exceptions and thereupon enter a decree." *North Atlanta Land Co.* v. *Portness,* 138 *Ga.* 135 (74 S. E. 1000) ; *Darien Bank* v. *Clifton,* 162 *Ga.* 625 (134 S. E. 619). "Where, in an equity case referred to an auditor, the evidence supported his findings, the trial judge did not err in overruling the exceptions of fact thereto." Ib. It is not an abuse of discretion to disapprove the exception where conflicting evidence supports the finding. *Peyton* v. *McMillan,* 145 *Ga.* 179 (7) (88 S. E. 937) ; *Mayor &c. of Gainesville* v. *Jaudon,* 145 *Ga.* 299 (3) (89 S. E. 210).

In conclusion, the auditor's report in the present case evinces painstaking care and study; it covers all issues in the case, and is stated with such conciseness and clearness that no one reading it need have any doubt as to what his findings are, or as to their correctness. *Judgment affirmed. All the Justices concur.*