SMITH *et al.* v. SMITH.

No. 12541. FEBRUARY 16, 1939. REHEARING DENIED MARCH 9, 1939.

*T. B. Rainey,* for plaintiffs in error. *John G. Cozart,* contra.

ATKINSON, Presiding Justice. Hester Smith applied, under the Code, § 113-1001 et seq., to have a year's support set apart to her out of the estate of her deceased husband. O. D. Smith. A caveat was filed by the father and brothers of the deceased husband, which was dismissed on the trial before the ordinary, and a return of the appraisers setting apart land lot "number one hundred seventy-eight (178), in the 32d district of Chattahoochee County, Georgia," and also "the household furniture" was by order admitted to record and made the judgment of that court. There was no exception to the judgment. On the claim of title under this judgment for a year's support, Hester Smith instituted an action against J. E. Smith Sr., father of the deceased husband, J. E. Smith Jr., B. J. Smith, and Oscar L. Smith, brothers of the said husband, seeking to cancel as clouds on her title a contract designated as exhibit A and a deed designated as exhibit B, which had been concurrently executed between O. D. Smith (since deceased) and the petitioner, purporting to be articles of separation between the husband and wife, and to convey described personalty. The deed purported to convey lot number 178 to the grantee "for her sole and separate use for and during the term of her life, and upon her death the said above-described premises to revert to the grantor herein in event he shall be then in life; and should said grantor predecease the said grantee; then upon death of grantee said above-described property shall revert to the heirs of grantor, to the exclusion of any and all heirs of said grantee." In each instrument it was recited that the property was received "in full settlement of any and all claims and demands whatsoever, in law or equity, for alimony, support and maintenance, dower and year's support, out of the estate of said O. D. Smith." The ground of complaint was that the above-quoted provisions of the contract were obtained by fraud, and that both the deed and the contract were executed in considera-tion and in consummation of the agreement of separation, and were rendered void by reason of the fact that after execution of the papers the parties resumed their marital relations and continued thereafter to live together as husband and wife. The defendants filed an answer which in substance denied all allegations of fraud in reference to the contract, and set up claim to the land as remain-dermen under the deed. By way of cross-action they sought to have the allowance of the year's support decreed to be void on the

ground of failure of the appraisers to comply with the statute in such cases provided, and because the court of ordinary was without jurisdiction to render the judgment. The judge sustained a demurrer to paragraph 28 of the answer, and, on uncontradicted evidence as to the parties having resumed their marital relations, directed a verdict for the plaintiff. The defendants' motion for new trial was overruled, and they excepted. Error was assigned also on the striking of paragraph 28 of the answer.

1. "Where a decedent leaves a widow or minor children, or both, such family is entitled to a year's support from his estate; and a widow is not deprived of her right of year's support because there are no minor children. 70 *Ga.* 733." *Stewart* v. *Stewart,* 74 *Ga.* 355; Code, § 113-1002. Title to property so set apart to the widow alone vests absolutely in her. Code, § 113-1006; *Williams* v. *Rosette,* 177 *Ga.* 528 (170 S. E. 273).

2. In a proceeding to set apart such year's support, the court of ordinary is a court of general jurisdiction as to such matter. Every presumption is in favor of the judgment of the ordinary setting apart a year's support; and it can not be collaterally attacked, except where the record shows want of jurisdictional facts. *Riddle* v. *Shoupe,* 147 *Ga.* 387 (94 S. E. 786), and cit.; *Lane* v. *Jackson,* 151 *Ga.* 584 (107 S. E. 846) ; *Dougherty-Lillle-Redwine Co.* v. *Hatcher,* 169 *Ga.* 858, 863 (151 S. E. 796). In *Beddingfield* v. *Old National Bank & Trust Co.,* 175 *Ga.* 172 (165 S. E. 61), it was held, in effect, that where no caveat to the application was filed, and citation had issued and been published as required by law, a court of equity would not set aside the judgment of the court of ordinary for irregularities. On principle, the same result would follow where a caveat was filed and dismissed by the court, and the judgment was allowed to stand, without appeal or other appropriate exception. It has been held that mere irregularities do not vitiate the return of the appraisers. *Bridges* v. *Brady,* 158 *Ga.* 886 (124 S. E. 699). Also, that a judgment setting apart a year's support is not void on the ground that the appraisers have not filed with their report a plat of the land set apart. *Jackson* v. *Lee,* 161 *Ga.* 818 (131 S. E. 893) ; *Wessel-Duval* v. *Ramsey,* 170 *Ga.* 675 (153 S. E. 744). Failure of the appraisers to take the prescribed oath is an irregularity which alone will not vitiate their return.

3. The Code, §§ 113-1002, 113-1005, relating to filing applica-

tions for a year's support, appointment of appraisers, and return of the appraisers, and § 24-2104, relating to powers of the court of ordinary, considered together or separately, does not require the application to be filed, or the return of the appraisers to be made, or a judgment to be rendered by the ordinary, before the end of a term of the court of ordinary. The record of the return after publication of statutory notice where no caveat is filed, or if filed is not sustained, is considered the judgment of the court. *Selph* v. *Selph,* 133 *Ga.* 409 (65 S. E. 881) ; *Watson* v. *Watson,* 143 *Ga.* 425 (85 S. E. 324). The time of recording the return is immaterial. *Youngblood* v. *Hollis,* 183 *Ga.* 206 (187 S. E. 863). These Code sections provide that "on the application of the widow," guardian, etc., without reference to the time she makes the application, the ordinary shall appoint appraisers, etc. It is further provided that the appraisers shall make a schedule of the property, etc., and return the same to the ordinary within thirty days from the date of their appointment. The statute then provides : "Upon filing said return, the ordinary shall issue citation and publish notice as required in the appointment of permanent administrators, citing all persons concerned to show cause why said application for 12 months' support should not be granted ; and if no objection is made after the publication of said notice for four weeks, or, if made, is disallowed, the ordinary shall record the return so made in a book to be kept for this purpose." And the Code, § 24-2104, provides that the office of the ordinary "shall be open for the transaction of all business at all times, except Sundays and holidays; but no will shall be admitted to record, or letters testamentary, of administration, of guardianship, or dismissory, or any order for the sale of real estate, shall be granted, except at a regular term of said court." The instant case differs from *Sutton* v. *Ford,* 155 *Ga.* 863 (118 S. E. 747), having reference to grant of an order authorizing an administrator to sell land, which is required by the terms of § 24-2104, to be done in term.

4. In the instant case paragraph 28 of the answer in the nature of a cross-petition, attacking the year's support set apart to the widow out of her deceased husband's estate, for the reasons (a) that the order appointing appraisers was passed after adjournment of the August term, 1936, (b) that the appraisers did not sign the oath as required by law, (c) that the ordinary passed the order

for citation after adjournment of the August term, 1936, (d) that no plat of the land alleged to have been set apart was attached to the return of the appraisers, and (e) that the legal title to the land designated in the appraisers' return had not been adjudicated by a court of competent jurisdiction as between the plaintiff and the defendants, was properly stricken on demurrer.

5. A widow having title to described realty in virtue of an allowance of a statutory year's support, as mentioned in the preceding division, brought suit in equity against the father and brothers of the deceased husband to cancel, as clouds upon her title, a certain contract and a deed to the realty concurrently executed between the husband and the wife, whereby the realty was conveyed by the husband to the wife "for her sole and separate use for and during the term of her life, and upon her death the said above-described premises to revert to the grantor herein in event he shall be then in life; and should said grantor predecease the said grantee, then upon death of grantee said above-described property shall revert to the heirs of grantor to the exclusion of any and all heirs of said grantee," in full settlement of all claims "for alimony, support, and maintenance, dower, and year's support out of the estate of" the husband. At that time the parties were living in a state of separation, and the instruments were executed in furtherance of that plan. The ground of complaint was that after execution of the instruments the parties voluntarily resumed marital relations, and thereby rendered the instruments void. *Held:*

(*a*) "Where any suit shall be instituted or defended by a person insane at the time of trial, or by an indorsee, assignee, or transferee, or the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the insane or deceased person as to transactions or communications with such insane or deceased person, whether such transactions or communications were had by such insane or deceased person with the party testifying or with any other person." Code, § 38-1603 (1). It has been held that a grantee in a deed from a person since deceased is an assignee or transferee of such person, within the meaning of this statute. *Hendrick* v. *Daniel,* 119 *Ga.* 358 (46 S. E. 438) ; *Hendricks* v. *Allen,* 128 *Ga.* 181 (57 S. E. 224). See *Turner* v. *Woodward,* 136 *Ga.* 275 (71 S. E. 418) ; *Kramer* v. *Spradlin,* 148 *Ga.* 805 (98 S. E. 487) ; *Williamson* v. *Williamson,* 176 *Ga.* 510 (168 S. E. 256).

(*b*)   It was stated in *Chamblee* v. *Pirkle,* 101 *Ga.* 790, 792 (29 S. E. 20) : "A transaction or communication with a deceased person, as used in the section cited, means, we think, some transaction or communication had directly with the deceased, something personal between the surviving and the deceased parties, a transaction or communication of such character that the deceased, if alive, could deny, rebut, or explain the statement of the other party." *Arnold* v. *Freeman,* 181 *Ga.* 654, 657 (183 S. E. 811).

(*c*)   In the instant case the defendants, as "reversioners" or remaindermen under the deed from husband to wife, endeavoring to sustain that instrument, were assignees or transferees within the meaning of the above provision of the Code. And the fact of resumption of marital relations between husband and wife was a transaction between those parties, within the meaning of that provision of the Code.

(*d*)   In the Code, § 38-1603 (4), it is declared: "Where a person not a party, but a person interested in the result of the suit, shall be offered as a witness, he shall not be competent to testify, if as a party to the cause he would for any cause be incompetent." "The death of the grantor of one of the parties to a litigation in regard to an alleged private way does not render the other party or his agent entirely incompetent to testify as a witness, but only incompetent to testify to transactions or communications with the deceased. Independent physical facts which do not involve any such communication or transaction are not within the rule." *Nugent* v. *Watkins,* 129 *Ga.* 382 (58 S. E. 888) ; *Arnold* v. *Freeman,* supra. It was not erroneous to allow the son of the plaintiff, over objection that he was an incompetent witness, to testify as follows: "From January, 1933, until the date of the death of O. D. Smith in July, 1936, I lived on land lot No. 178 in the 32d district of Chattahoochee County, Georgia. I lived in the same house with my mother and O. D. Smith part of the time. Mother and O. D. Smith occupied the front room of the house. There was only one bed in that room. Both of them occupied that room and slept in that bed at night. They lived together as man and wife in 1933, and until he died, except for the times he would go off. They treated each other  .  .  as man and wife."

6.   Without resort to the testimony of the petitioner as to resumption of marital relations, the uncontradicted evidence de-

manded a finding that there was a resumption of the marital relation. In these circumstances it is unnecessary to deal with the assignment of error relating to competency of the plaintiff to testify to such facts.

7. The Code, § 30-217, declares: ".The subsequent voluntary cohabitation of the husband and wife shall annul and set aside all provision made, either by deed or decree, for permanent alimony. The rights of children under any deed of separation or voluntary provision or decree for alimony shall not be affected thereby." The defendants in the instant case, not being "children" of the parties to the marriage, are adversely affected by the, first clause of the foregoing excerpt, and are not protected by the second clause. The case differs from *Clary* v. *Thornton,* 177 *Ga.* 833 (171 S. E. 704), in that respect, and the ruling there made is not applicable.

8. Under the pleadings and the evidence the verdict for the plaintiff, as directed by the judge, was demanded, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*