LANKFORD *v.* POPE *et al.*

No. 16917.   January 11, 1950.   Rehearing denied February 17, 1950.

*Grantham & Smith* and *W. C. Lankford,* for plaintiff.

*Sapp & Ewing,* for defendants.

HEAD, Justice. ■ The estoppel asserted by allegations of the petition, based on a conversation between W. C. Lankford and the common grantor, B. Peterson, is without merit. If, at the time of the conversation, Peterson had parted with title to the lands to Ava Rilla Sapp, his declarations or statements would not enlarge the title conveyed. On the other hand, if the deed was void for uncertainty, and if B. Peterson was still the owner of the land, the statements of Peterson would be insufficient to convey title. *Rogers* v. *Manning,* 203 *Ga.* 771 (48 S. E. 2d, 527).

■ There is but one question for determination in the present

case. If the deed from B. Peterson to Ava Rilla Sapp, alleged to have been executed on January 23, 1901, and duly recorded, contained a sufficient description, the petition stated a cause of action.

In order to convey title to land in this State, the description of the land sought to be conveyed by deed must be sufficiently certain to afford means of identification. *Andrews* v. *Murphy*, 12 *Ga.* 431; *Huntress* v. *Portwood*, 116 *Ga.* 356 (42 S. E. 513); *Luttrell* v. *Whitehead*, 121 *Ga.* 699 (49 S. E. 691); *Crawford* v. *Verner*, 122 *Ga.* 814 (50 S. E. 958); *Allen* v. *Smith*, 169 *Ga.* 395 (150 S. E. 584). In *Allen* v. *Smith*, supra, it was said: "A deed lacking in such certainty of description, standing alone, is inoperative either as a conveyance of title or as color of title."

If the premises, however, are so referred to as to indicate the intention of the grantor to convey a particular tract of land, extrinsic evidence is admissible to show the precise location and boundaries of such tract. The test as to the sufficiency of the description in a deed is whether or not it discloses with sufficient certainty the intention of the grantor with respect to the quantity and location of the land therein described. *Andrews* v. *Murphy*, supra; *Crawford* v. *Verner*, supra; *Patrick* v. *Sheppard*, 182 *Ga.* 788, 791 (187 S. E. 379); *Gould* v. *Gould*, 194 *Ga.* 132, 135 (21 S. E. 2d, 64); *Mull* v. *Allen*, 202 *Ga.* 176, 179 (42 S. E. 2d, 360); *Haygood* v. *Duncan*, 204 *Ga.* 540 (50 S. E. 2d, 214).

In the present case, counsel for the defendant contend that the deed from Peterson to Sapp does not sufficiently afford a means of identification of the lands sought to be conveyed. This contention must be determined on the last clause of the description, "said piece of land designated by stakes, containing ½ acre." The description states that the land is located in land lot 193, in the 6th Land District of Coffee County, Georgia, in the City of Douglas, and is bounded on the west side by Walnut Street. It is asserted that there may have been a large number of lots in the lands of B. Peterson marked by stakes, lying on the west side of Walnut Street, in lot 193, in the City of Douglas, and that the description is therefore insufficient.

The description under consideration deals with one lot, "designated by stakes." To designate is to "mark out and make known; to point out; to name; indicate; show; to distinguish by

marks or description; to specify; as, to designate the boundaries of a country." Webster's New International Dictionary (2d ed.), p. 708. "Designated by stakes" means that the land had been marked out by stakes at the time of the execution of the deed from Peterson to Sapp. If, as between the parties, the land was so marked out and made known by stakes that each of the parties knew exactly the land sought to be conveyed, the deed was not void for uncertainty of description. That which was at one time made known, as between the parties, by the use of stakes, is a proper subject-matter for extrinsic evidence.

Traditionary evidence as to ancient boundaries and landmarks is admissible, its weight to be determined in all instances by the jury according to the source from which it comes. Code, § 38-313. It has been held that, from actual necessity of the case, boundaries may be proved by hearsay. *Riley* v. *Griffin*, 16 Ga. 141 (60 Am. D. 726).

The key to the land conveyed in the deed from B. Peterson to Ava Rilla Sapp is a city lot "designated by stakes." Extrinsic evidence may supply the location and shape of this particular tract of land. It was therefore error to sustain the general demurrer and dismiss the petition.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., and Wyatt, J., who dissent.*