### 19217. Strain, Administratrix, v. Monk.

Head, Justice. 1. Every presumption is in favor of the judgment of an ordinary setting apart a year's support, and it can not be collaterally attacked except where the record shows a want of jurisdictional facts. *Tabb* v. *Collier,* 68 *Ga.* 641, 643; *Riddle* v. *Shoupe,* 147 *Ga.* 387 (94 S. E. 236); *Lane* v. *Jackson,* 151 *Ga.* 584 (107 S. E. 846); *Smith* v. *Smith,* 187 *Ga.* 743, 745 (2 S. E. 2d 417). In the present case the application of the widow recites every essential jurisdictional fact. The judgment setting aside the year's support could not, therefore, be vitiated, vacated, set aside, or reformed in a collateral proceeding.

2. Estoppel conveys no title in this State. *Coursey* v. *Coursey,* 141 *Ga.* 65, 68 (80 S. E. 462); *Peacock* v. *Horne,* 159 *Ga.* 707, 727 (126 S. E. 813); *Fields* v. *Continental Ins. Co.,* 170 *Ga.* 28 (152 S. E. 60); *Lankford* v. *Pope,* 206 *Ga.* 430 (57 S. E. 2d 538). The estate in property set aside as a year's support is a fee-simple title. Code § 113-1006; *Lane* v. *Jackson,* supra.

3. The trial judge did not err in sustaining the claim of the widow based on the year's support proceedings.

*Judgment affirmed. All the Justices concur.*

Submitted January 10, 1956—Decided February 14, 1956.

*Bagby & Perren, John T. Perren,* for plaintiff in error.
*Clarke & Anderson,* contra.