212 Ga. 194 (1956)
91 S.E.2d 505
STRAIN, Administratrix,
v.
MONK.
19217.
Supreme Court of Georgia.
Submitted January 10, 1956.
Decided February 14, 1956.
Bagby & Perren, John T. Perren, for plaintiff in error.
Clarke & Anderson, contra.
HEAD, Justice.
1. Every presumption is in favor of the judgment of an ordinary setting apart a year's support, and it can not be collaterally attacked except where the record shows a want of jurisdictional facts. Tabb v. Collier, 68 Ga. 641, 643; Riddle v. Shoupe, 147 Ga. 387 (94 S. E. 236); Lane v. Jackson, 151 Ga. 584 (107 S. E. 846); Smith v. Smith, 187 Ga. 743, 745 (2 S. E. 2d 417). In the present case the application of the widow recites every essential jurisdictional fact. The judgment setting aside the year's support could not, therefore, be vitiated, vacated, set aside, or reformed in a collateral proceeding.
2. Estoppel conveys no title in this State. Coursey v. Coursey, 141 Ga. 65, 68 (80 S. E. 462); Peacock v. Horne, 159 Ga. 707, 727 (126 S. E. 813); Fields v. Continental Ins. Co., 170 Ga. 28 (152 S. E. 60); Lankford v. Pope, 206 Ga. 430 (57 S. E. 2d 538). The estate in property set aside as a year's support is a fee-simple title. Code § 113-1006; Lane v. Jackson, supra.
3. The trial judge did not err in sustaining the claim of the widow based on the year's support proceedings.
Judgment affirmed. All the Justices concur.
The application of Mrs. Ludie Ann Monk for a year's support out of the estate of William S. Monk alleged that she was the widow, that the deceased died a resident of the county, and that there was no administration upon his estate. Appraisers were appointed, and their return, setting aside certain personal property and three described tracts of land, was made the judgment of the court of ordinary and ordered recorded.
The widow thereafter entered into a contract for the sale of the lands set apart to her, subject to approval of title. She was advised by an attorney representing the other contracting party that there were certain errors in the description of one of the tracts of land, and that the matter should be corrected. She filed a petition in the court of ordinary, in which she prayed that the court pass an order declaring that no administration was necessary on the estate of the deceased. Objections were filed to this petition by persons claiming to be creditors of the deceased. The following entry appears on the petition, "The within and foregoing application is hereby withdrawn and dismissed without prejudice," *195 signed by the widow. Objections were filed by the creditors of the deceased to the order dismissing the petition, and on the hearing the ordinary declined to enter an order declaring no administration necessary. Subsequently the ordinary appointed Mrs. Evelyn Monk Strain (an alleged creditor of the deceased) as administratrix of his estate. The administratrix filed a petition for leave to sell the lands described in the year's support proceeding. The widow filed a claim to the lands, and her claim was transmitted to the superior court in the county where the lands are located.
The cause was submitted to the judge of the superior court, sitting without the intervention of a jury, on an agreed stipulation of facts. The stipulation provides in paragraph 1 as follows: "That the property comprising the subject matter of the claim was set apart to the claimant in the twelve months support proceedings and that by virtue of the award of appraisers and order thereon claimant acquired title to said property." In paragraph 3 it is said that the sole issue for determination is whether the widow, by filing the application seeking the declaration that no administration was necessary on the estate of the deceased, has thereby revested title to the property set apart as a year's support in the estate of the deceased, "or become estopped to claim said property as against the administratrix of said estate."
The judge of the superior court entered a judgment holding: "The claimant is vested with title to the property comprising the subject matter of the claim, and is not estopped to claim said property as against the administratrix of the estate of William S. Monk." The exception is to that judgment.