Herbert R. EDMONDSON, As Executor of H. L. Edmondson Estate

v.

UNITED STATES of America.

Civ. A. No. 965.

United States District Court
N. D. Georgia,
Gainesville Division.
March 28, 1963.

SLOAN, District Judge.

In the complaint in the above stated case plaintiff seeks to recover the sum of $3,351.12 which he alleges was erroneously assessed and collected as estate tax allegedly due defendant on the Estate of H. L. Edmondson, deceased.

The case being at issue, plaintiff has filed a motion for summary judgment in his favor on the ground that "the answer of the Defendant admits the allegations contained in the complaint and sets up no defense." Defendant having filed its response, plaintiff's motion for summary judgment is now properly before the Court for determination under Local Rule 21.

The facts have been stipulated by the parties and in accordance with such stipulation and the admissions contained in the pleadings, the facts are found as follows:

H. L. Edmondson died testate at the age of 80 on December 28, 1959, and his will was admitted to probate in the Court of Ordinary of Hall County, Georgia, and letters testamentary were duly issued to plaintiff herein as the Executor of said estate on January 4, 1960.

The Testator in his will left a life estate to his widow in all of his property, the will providing that such life estate was "in lieu of Dower or Year's Support or any other interest in the estate."

On January 29, 1960, the widow of the testator filed a petition for a year's support in the Court of Ordinary of Hall County, Georgia, and appraisers were duly appointed and they filed their report setting aside two pieces of real estate, one of them being the home place and the other being a vacant lot located in the business section of the City of Gainesville, the appraisers placing a valuation thereon of $50,000.00.

Notice of the return of the appraisers was duly published in the official organ of Hall County, Georgia, for four weeks as required by Georgia law and at a regular term of the Court of Ordinary of Hall County, Georgia, which was held on

Herbert Edmondson, J. E. Palmour, Jr., Gainesville, Ga., for plaintiff.

Charles L. Goodson, U. S. Atty., Atlanta, Ga., for defendant.

the 7th day of March, 1960, the award of the appraisers was made the judgment of the court.

Plaintiff on February 2, 1960, filed a preliminary federal estate tax return and on May 13, 1960, a timely United States Estate Tax Return was filed by him. This return showed a gross estate of the value of $99,500.50 with total deductions amounting to $107,370.97.

After audit by agents of the Internal Revenue Service, the Commissioner of Internal Revenue made the following adjustments to the return:

"Disallowed the attorney's fees of $2,500.00 and added household and kitchen furniture in the amount of $1,500.00 and reduced the valuation of the frame buildings in Buford, Georgia, by $2,000.00 and disallowed the year's support as a marital deduction * * *."

The above adjustments resulted in a deficiency being assessed against the estate in the amount of $3,231.64.

The assessment of $3,231.64, plus interest of $119.48, being a combined total of $3,351.12 was paid by plaintiff to the District Director of Internal Revenue and on March 29, 1962, plaintiff filed with the Director his claim for refund in the amount of $3,351.12. This claim for refund was disallowed on November 4, 1962.

The complaint herein was filed on October 19, 1962, which was more than six months after the filing by plaintiff of his claim for refund. The complaint herein was thus timely filed.

Plaintiff had for the years 1956, 1957, 1958 and 1959 filed income tax returns for the decedent and his wife in which they declared the following income:

| | |
|---|---|
| 1956 | $3,341.08 |
| 1957 | 4,007.08 |
| 1958 | 4,428.31 |
| 1959 | 2,345.42. |

Income tax returns for the Estate of H. L. Edmondson were filed by plaintiff for the years 1960, 1961 and 1962.

■ We look to the federal statutes to determine what deductions are to be allowed from the federal estate tax. Pitts v. Hamrick, 4 Cir., 228 F.2d 486, 488.

Internal Revenue Code of 1954, § 2056, provides, as follows:

"(a) *Allowance of marital deduction.*—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate." U.S.C., Title 26, § 2056(a).

■ Where the widow's interest in the estate is allowed as a marital deduction, we look to the law of the state for the purpose of determining the amount of that interest. Pitts v. Hamrick, supra.

■ State law creates legal interests and rights. The Federal Revenue Acts designate what interests or rights so created shall be taxed. Morgan v. Commissioner, 309 U.S. 78, 60 S.Ct. 424, 84 L.Ed. 585.

Section 113–1002 of the Georgia Code provides, in brief, that among the necessary expenses of administration, preferred before all other debts, except as otherwise specially provided is the provision for the support of the family of the decedent. This section further provides that upon the death of any person, testate or intestate, leaving a widow, or a widow and minor child or children, whether the estate be solvent or insolvent, it is the duty of the Ordinary upon application of the widow, with notice to the representative of the estate, to appoint five discreet appraisers whose duty shall be to set apart to such widow, etc., either in money or property, a sufficiency of the estate for their support and maintenance for the period of twelve months "to be estimated according to the circumstances and standing of the family previous to the death of the testator or intestate and

keeping in view the solvency of the estate," etc.

Section 113–1005 of the Georgia Code provides, in brief, that the appraisers shall make their return within thirty days from the date of their appointment and that upon the filing of the return that the Ordinary shall issue citation and publish notice as required in the appointment of permanent administrators, "citing all persons concerned to show cause why said application * * * should not be granted" and that if no objection is made after the publication thereof, or, if made, is disallowed, the Ordinary shall record the return, etc.

Section 113–1006 of the Georgia Code provides, in brief, that the property so set apart shall vest in the widow and child or children, etc. and "shall not be administered as the estate of the deceased husband or father."

Original jurisdiction of a Court of Ordinary in a year's support proceeding is exclusive and its judgment allowing a year's support is a judgment of a court of general jurisdiction and the presumption is that everything necessary to be done was done. Dougherty-Little-Redwine Co. v. Hatcher, 169 Ga. 858, 863, 151 S.E. 796.

Section 113–1023 of the Georgia Code provides that where property is set apart as a year's support for the benefit of the widow alone, she shall thereafter own the same in fee, without restriction as to use, encumbrance or disposition.

Every presumption is in favor of the judgment of the Ordinary setting apart a year's support and such judgment can not be collaterally attacked except where the record shows a want of jurisdictional facts. Such judgment can not be vitiated, vacated, set aside, or reformed in a collateral proceeding. Strain v. Monk, 212 Ga. 194, 91 S.E.2d 505.

Since the defendant may not here litigate the issue as to whether the widow's allowance was excessive, there is no genuine issue as to any material fact, as to the said allowance.

The property passing to the surviving spouse in the year's support proceeding here qualified as a marital deduction under § 2056 of the Internal Revenue Code of 1954, Title 26 U.S.C. § 2056. United States v. First National Bank & Trust Co. of Augusta, 5 Cir., 297 F.2d 312.

The year's support being allowed as a marital deduction, no estate tax was due.

The plaintiff's motion for summary judgment is granted and judgment may be prepared and presented.